# Richmond.

## C. E. TRENT V. COMMONWEALTH.

### March 16, 1922.

Absent, West, J.

1. LARCENY—*Intent—Property Entrusted to Defendant—Intoxication—Case at Bar.*—In the instant case, accused was entrusted with a diamond ring which he placed on his finger. Accused became intoxicated, and on his return home his doctor found him in an unconscious condition and critically ill. The owner of the ring followed accused quickly, and sought to recover it, but could not find it, and accused was too drunk to give any explanation. A witness for the prosecution testified that afterwards she found the ring in the house of accused, and reported the matter to the wife of accused, who told accused of it. The witness also testified that she saw accused take the ring from its hiding place.

    *Held:* That the evidence was sufficient to sustain a verdict of guilty.

2. APPEAL AND ERROR—*Criminal Law—Conflicting Evidence.*— Where the evidence tending to support the theory of the Commonwealth is sufficient, if believed by the jury, to warrant a verdict of guilty, although the testimony is involved in conflict, and is not altogether satisfying as it appears in print, the question of the credibility of the witnesses and the weight of the testimony is peculiarly for the jury, and the appellate court would not be warranted in interfering with their finding.

3. LARCENY—*Instructions—Property Entrusted to Accused and Lost by Him and Afterwards Found by Him and Appropriated.*—On a prosecution for larceny of a diamond ring, accused requested an instruction that if the jury believed that he came into possession of the ring legally, and at that time entertained no intent to commit larceny, but afterwards when intoxicated and incapable of forming criminal intent, lost or misplaced the ring, then he was not guilty of larceny. The court modified this instruction by adding that if accused after regaining consciousness discovered the ring and concealed the same, or aided and abetted another in its concealment, with the intent to

deprive the owner of its possession, then he would be guilty of larceny.

*Held:* That the instruction, as thus modified, was not erroneous.

4.  CRIMINAL LAW—*Instructions—Repetition of Part of Instructions Given upon the Motion of Accused.*—Criticism of an instruction for the Commonwealth is without justification, where the instruction in question simply repeated in substance a part of similar instructions which had been given to the jury upon the motion of the accused.

Error to a judgment of the Corporation Court of the city of Roanoke.

*Affirmed.*

The opinion states the case.

*Hairston & Hopkins* and *Hoge & Darnall,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused has been convicted of grand larceny and sentenced to confinement in the penitentiary for eighteen months in accordance with the verdict.

[1] The pertinent facts relied upon by the prosecution are these: One Nolan received from a pawnbroker in the city of Roanoke a diamond ring which he contemplated purchasing. The price named was $900. He borrowed it with permission to have the ring examined by an expert in order to enable him to estimate its value. The jeweler whose estimate he desired not being at his place of business, he was told to return at a later time. Nolan then went to a poolroom, where he met the accused and several others, who began drinking together, and then they went to a baseball

game played by negroes. Nolan asked the accused to take the ring and wear it, as it did not fit his (Noland's) finger. The ring was exhibited to a number of people by being handed around for examination. The accused did not return after the ball game with Nolan, but in a different automobile. He was very much intoxicated when he reached home, and his doctor found him in an unconscious condition and critically ill. Nolan followed him quickly and sought to recover the ring, but could not find it either on his hand, or on his person, and he was too drunk then to give any explanation of its disappearance. A woman of bad reputation, who was in the habit of using some stupifying drug, testified that she was an inmate of the house of the accused as a servant; that she discovered the ring hidden in the refrigerator, and reported the matter to the wife of the accused, who told the witness not to say anything about it; that when the accused and his wife on one occasion had an altercation, when he started to leave his home his wife told him to take the ring and take it over to his mother's home, that they could do as much with her for concealing goods as with him. She also testified that she saw the accused take the ring out of the refrigerator. All of this incriminating evidence is flatly contradicted by the accused and his witnesses.

[2] One of the assignments of error is that the evidence is not sufficient to justify the verdict of guilty, and that the trial court erred in refusing to set it aside. Questions similar to this have been so frequently discussed by the courts that we do not deem it necessary to do more than repeat a recent expression of this court in *Harris* v. *Commonwealth,* 129 Va. 751, 105 S. E. 541: "Of this it is sufficient to say that we have carefully considered the record, and, while the testimony is involved in conflict, and is not altogether satisfying as it appears in print, the evidence tending to support the theory of the Common-

wealth was sufficient, if believed by the jury, to warrant the verdict. The question of the credibility of the witnesses and the weight of the testimony was peculiarly for the jury, and we would not be warranted in interfering with their finding."

[3, 4] The other assignment of error is that the court erred in an addition made to instruction No. 5. The first clause of the instruction reads as follows:

"The court instructs the jury that if they believe from the evidence that the defendant, Trent, came into the possession of the ring in question fairly and legally, and that at the time of coming into such possession he entertained no criminal intent to commit larceny thereof, and that, thereafter, he became so much under the influence of ardent spirits as to have been incapable of forming and entertaining criminal intent, and that while under such influence, and without the knowledge of what he was doing, he lost the ring, or misplaced it, or allowed it to get out of his possession, then he would not be guilty of the larceny thereof."

The addition thereto reads:

"You are further instructed, however, that if, after regaining consciousness, he discovered the said ring or its whereabouts and concealed the same, or aided and abetted another in its concealment, with the intent to deprive the owner of the possession thereof permanently, then he would be guilty of the larceny thereof."

This assignment is based upon the statute, Code 1919, section 4451, relating to the embezzlement or appropriation of property to one's own use which came lawfully into his possession. The pertinent language of the statute relied on reads thus: "If any person wrongfully and fraudulently use, dispose of, conceal, or embezzle * * * personal property, tangible or intangible, which he shall have received for another, or for his employer, principal or bailor * * *

52

or which shall have been entrusted or delivered to him by another * * * he shall be deemed guilty of larceny thereof, and may be indicted as for simple larceny * * *."

There were four other instructions which fully and repeatedly cautioned the jury that there was a presumption of innocence, which followed the accused throughout the case, that he could not be convicted until the Commonwealth overcame that presumption beyond reasonable doubt by clear, distinct and reliable evidence, and that he could not be convicted of larceny unless it was shown beyond all doubt by clear, distinct and reliable evidence that after the ring was given to him he disposed of it for his own use, or fraudulently and unlawfully concealed the ring for the purpose of converting it to his own use. *Wadley* v. *Commonwealth*, 98 Va. 803, 35 S. E. 452, cited in support of this assignment has no application to the facts of this case. There it was held error to refuse an instruction which was supported by evidence, to the effect that unless the act was done with criminal intent, and that if the conversion was made under an honest belief of the accused that he has a *bona fide* claim of right to do so, the jury could not convict. There is no evidence here that the accused ever made any claim to the ring. On the contrary he admitted that he received it from Nolan and only claimed that because of his insensibility from drunkenness he did not know what had become of it. The criticism of the instruction is without justification, for it simply repeated in substance a part of similar instructions which had been given to the jury upon the motion of the accused.

We find no reversible error.

*Affirmed.*