67    163
f78    266
78    270

## STATE *v.* BACH LIQUOR COMPANY.

### Opinion delivered November 11, 1899.

1. WITNESS—PRIVILEGE.—An infant over the age of 18 years, called to testify against a saloon-keeper indicted for selling liquor to him without the written consent of his parent or guardian, is privileged to refuse to answer where his answer would tend to establish his guilt of another crime, namely, procuring liquor without informing the saloon-keeper that he was a minor. (Page 166.)

2. SELLING LIQUOR—EVIDENCE.—Evidence that a minor drank beer in defendant's saloon, that he carried no beer in there with him, and that there was no one in the saloon at the time except the bartender, is not sufficient to sustain a conviction of selling liquor to such minor. (Page 169.)

3. NEW TRIAL—SURPRISE.—It was not error to refuse the state a new trial in a criminal case on the ground of surprise, in that the witness upon whose testimony the indictment was found claimed his constitutional privilege of not incriminating himself, if the state's attorney failed to use due diligence to ascertain before trial whether the witness would claim his privilege and to make application for time to obtain other witnesses. (Page 169.)

Appeal from Jackson Circuit Court.

FREDERICK D. FULKERSON, Judge.

*Jeff Davis, Attorney General,* and *Chas. Jacobson,* for appellant.

The witness *alone* can make the objection that his answer to a question would tend to incriminate him. 13 Ark. 360. Unless witness had failed to inform the vendor of the liquor of his minority, he was guilty of no offense in buying it. Sand.

& H. Dig., § 1814. Witness and the appellant were "*con-cerned* in the commission of a crime or misdemeanor," within sec. 2909, Sand. & H. Dig., and hence were protected by said statute from having their testimony used against themselves. 13 Ark. 307; 45 Am. St. Rep. 127; 20 Ark. 106; 14 Ark. 539; 27 Am. St. Rep. 378. Further, on the privilege being a personal one, see:—33 N. E. 656; Clark, Cr. Prac. 546 n.; McKelvey, Ev. 305.

*M. M. Stuckey, Jos. M. Stayton* and *Gustave Jones*, for appellees.

As to privileges of witnesses, see: 13 Ark. 310; 29 Am. & Eng. Enc. Law, 839. The answer to the question asked would have subjected witness to persecution, under secs. 1814, 1816, Sand. & H. Dig. Cf. sec. 1812, *ib.*

BATTLE, J. On the 11th day of July, 1899, the appellee, a corporation, was indicted by a grand jury of the Jackson circuit court for selling liquor to Ira Erwin, a minor, without the written consent of his parent or guardian. The indictment contains two counts. In the first count the offense was alleged to have been committed as follows: "The said Bach Liquor Company, on the 1st day of June, 1899, in the county and state aforesaid, did unlawfully sell and give away, and be interested in the sale and giving away of, ardent liquors, to-wit: one gill of whiskey to one Ira Erwin, a minor, without the written consent of his parent or guardian of the said Ira Erwin, against the peace and dignity of the State of Arkansas." In the second count it was alleged to have been committed as follows: "The said Bach Liquor Company, on the 1st day of June, 1899, in the county and state aforesaid, did unlawfully sell, and be interested in the sale of, ardent, malt and fermented liquors, to-wit:, one gill of beer, to Ira Erwin, a minor, without the written consent of the parent or guardian of the said Ira Erwin, against the peace and dignity of the state of Arkansas."

The defendant was arraigned, and pleaded not guilty. A jury was empaneled to try the issue joined. In the trial it was admitted that "the Bach Liquor Company is a corporation duly

organized under the laws of the State of Arkansas for the pur-
pose of selling liquor;" that Adam Bach is its president, "and
Alex Lockard is secretary and treasurer;" and "that it owns
the Dixie Bar in Newport, Jackson county, Arkansas."

Ira Erwin, a witness in behalf of the state, testified that
he was nineteen years old; and that the defendant did business at
the "Dixie Bar." He was then asked: "State whether or not,
at any time within twelve months before July 11, 1899, * *
you bought any liquor there?" He refused to answer the
question, because he could not do so without incriminating him-
self; and the court refused to compel him to answer, "because it
tends to incriminate him of a different and distinct offense,
that of purchasing liquor, he being a minor over the age of
eighteen years." The witness further testified that within the
twelve months immediately preceding the 11th of July, 1899,
he drank beer at the "Dixie Bar," in the defendant's saloon;
that there was no one in the saloon at the time except the bar-
tender that he could remember, and that on that occasion he
did not carry any beer in there with him. There being no
other evidence adduced, the court directed the jury to return a
verdict of not guilty, which they did; and the court rendered
judgment accordingly.

The attorney for the state moved to set aside the verdict
for a new trial upon the ground, among others, that he was
surprised by the refusal of Ira Erwin to answer the question
propounded to him; that the indictment was based upon his
testimony; that he (the attorney) had no reason to believe that
the witness would refuse; that at the time of the trial he did
not know of any other witnesses by whom he could prove that
the defendant had sold beer to Erwin, but he had since then
discovered witnesses by whom he could make such proof; that
he had used due diligence to procure all available testimony for
the state, and had failed to find out the newly discovered wit-
nesses, for the reason that the indictment was filed in court on
the 11th day of July, 1899, and the trial was on the next day,
and in the meantime he was occupied in the trial of the accused
in other cases. The motion was denied, and exceptions were
saved.

· The attorney for the state contends that the judgment of the circuit court should be reversed for the following reasons:

First. Because the court erred in failing to compel the witness, Erwin, to answer the question propounded to him.

Second. Because the court erred in directing the jury to return a verdict of not guilty.

Third. Because it erred in refusing to grant a new trial on account of the newly discovered testimony.

*First.* The defendant insists that the witness could not lawfully be compelled to answer the question which he refused to answer, because the constitution of the state declares that no one shall be compelled "in any criminal case to be a witness against himself." Const. 1874, art. 2, § 8. The effect of this prohibition, in the absence of a statute, is to prevent the compulsion of any one to give testimony in a criminal case which could be used to convict him of a crime. In *Quarles* v. *State*, 13 Ark. 310, this court said that the effect of a similar clause in the constitution of 1836 was to prohibit "any law by which a witness in any prosecution shall be compelled to disclose criminal matters against himself, so long as it might remain lawful that such disclosures could be afterwards produced in evidence against him, in case he, in turn, should become the accused party; otherwise, the power to compel self-accusation would still remain in the legislature, to be exerted in this indirect manner." Such is the effect of the constitution of this state now in force. But the attorney for the state says that the testimony of the witness which the state sought to elicit by the question propounded could not have been used against him in any criminal prosecution, and for that reason he should have been compelled to answer. He says so because a statute of this state provides as follows: "In all cases where two or more persons are jointly or otherwise concerned in the commission of any crime or misdemeanor, either of such persons may be sworn as a witness in relation to such crime or misdemeanor; but the testimony given by such witness shall in no instance be used against him in any criminal prosecution for the *same offense.*"

In *Quarles* v. *State* the court held that this statute is constitutional, and that "where two persons are concerned in the

commission of a crime (as in gaming), one of them may be compelled, under it, "to give evidence on the trial of an indictment against the other, because by the provision of the statute the testimony given by such witness shall in no instance be used against him in any criminal prosecution for the same offense, and thus he is protected from self-accusation, and his common law and constitutional privilege [is] secured to him." In so holding the court said as to the privileges of a witness under the statute: "When the course of examination would lead to any inquiry as to any matter materially connected with any crime or misdemeanor other than that which was the subject of direct inquiry before the court—as when such matter might be indispensable for the elucidation of some material matter already produced in evidence by the witness and directly involved in the issue—the witness could claim his privilege as to such matter as fully as if he had been enquired of in chief touching such other crime or misdemeanor."

In *Pleasant* v. *State*, 15 Ark. 624, the defendant was indicted for an assault with intent to commit rape. A witness in the trial was asked a question which might have implicated him in the compounding a felony, and thereby discredited him. The court said that, if this was the object, "though the question might be put, the witness was privileged from answering" it, but, had the witness been an accomplice of the defendant in the alleged assault, he, not being indicted, could have been compelled to testify on the trial of the defendant, and his testimony could not have been used against him afterwards; "but, if he chose to disclose his connection with another and distinct offense, he would not be protected; and therefore could not be compelled to do it."

The word "concerned" in the statute is used in the sense of the word "participants;" for it is he who is implicated in the commission of an offense that is protected by the statute against his own testimony. Substituting "participants" for "concerned," the statute reads as follows: "In all cases where two or more persons are jointly or otherwise participants in the commission of any crime or misdemeanor, either of such persons may be sworn as a witness in relation to such a crime or

misdemeanor; but the testimony given by such witness shall in no instance be used against him in any criminal prosecution for the same offense." In relation to what crime shall he be sworn? Manifestly, the crime in the commission of which he participated with the defendant in whose trial for which he is sworn. In what criminal prosecutions is he protected against his testimony? Obviously, criminal prosecutions for the offense of which the defendant was accused, and in relation to which he was sworn to testify,—"the same offense." His protection is limited. He is not protected against the use of his testimony in other prosecutions. To the extent of the protection offered by the statute, he can be compelled to testify as to facts criminating himself; but beyond this he cannot be required to go in that direction, without violating the constitution.

In this case the statute under which the defendant was indicted is as follows: "Any person who shall sell or give away, either for himself or another, or be interested in the sale or giving away of any * * * liquors * * * to any minor, without the written consent or order of the parent or guardian, shall be deemed guilty of a misdemeanor," etc. Sand. & H. Dig. § 1812. The offense against the prosecution for which the witness, Erwin, sought to protect himself by refusing to testify is defined by the statutes as follows: "It shall be unlawful for any minor, over the age of eighteen years, to procure from any saloon * * * attache thereof, any * * * liquors, * * * without first informing said saloon * * * keeper or attache, from whom he or she shall make such purchase, that he or she is a minor. *Id.* § 1814. "Any minor violating this act shall be deemed guilty of a misdemeanor," etc. *Id.* § 1816. The offenses defined by the two statutes are separate and distinct; and, under the constitution and laws of this state, a witness in a prosecution against a defendant for the former offense cannot be required to make disclosures which might be used to prove a link in the chain of evidence necessary to convict him of the latter offense. 1 Greenleaf, Evidence (16 Ed.), § 469d.

The state in this case endeavored to prove by the witness that he purchased beer from the defendant, which is one fact

necessary to prove to convict the witness of the latter offense. It was his privilege to refuse to answer the question by which the state sought to elicit evidence to establish that fact, on the ground that by so doing he would criminate himself.

*Second.* The court did not err in instructing the jury to return a verdict of not guilty. The evidence adduced was not sufficient to establish a sale of beer, or a sale or gift of whiskey. It could raise only a strong suspicion, and suspicion is not proof.

*Third.* The court did not err in refusing to grant the state a new trial on the ground of newly discovered evidence. The attorney for the state ought to have known that the witness could not have been compelled to answer the question which he refused to answer, and ought to have endeavored to ascertain, before going into trial, whether he would do so, and, ascertaining that he would, made application to the court for time to procure other witnesses. The court, we believe, under the circumstances, would have granted the additional time. He failed to use diligence.

Judgment affirmed.

RIDDICK, J., dissents.