## BATES v. STATE.

### Opinion delivered May 5, 1924.

CRIMINAL LAW—SELF-CRIMINATION.—Under Const., art. 2, § 8, providing that no person shall "be compelled in any criminal case to be a witness against himself," an election clerk under indictment for making a false certificate of election returns cannot be compelled to testify against election judges under indictment for making a false count, the two offenses being different, so that the clerk is not within the protection of Crawford & Moses' Dig., § 3122, precluding the use of testimony given by a witness against himself in another prosecution for the same offense.

Certiorari to Scott Circuit Court; *John E. Tatum,* Judge; reversed.

*Bates & Duncan* and *Evans & Evans,* for petitioners.

Any testimony given by the witnesses in the case on trial which might tend to show that they and the judges made a false count or summary of the votes cast in the primary election would also tend to incriminate them in the other case then pending against them, wherein they were charged with knowingly and fraudulently making a false certificate of the votes cast at this primary election. They were therefore within their constitutional rights in refusing to make the full disclosures required by the court. They were not in contempt of court for refusing to make such disclosures, and their counsel were not in contempt for informing them in open court of their constitutional right and privilege. Const. 1874, art. 2, § 8; 67 Ark. 163; 142 U. S. 547, 35 L. ed. 1110; 115 Ark. 387; 6 R. C. L. 497, § 10, tit. "Contempt"; *Id.* 498; 37 Fla. 1, 19 So. 652, 32 L. R. A. 133; 77 N. E. 276; 144 N. W. 266; 49 L. R. A. (N. S.) 826; 8 Wyo. 392,

58 Pac. 411, 49 L. R. A. 831; 7 H. (N. J.) 79, 21 Am. Dec.
52; 174 Mass. 287, 75 A. S. R. 316, note; 13 Ark. 307; 14
Ark. 539; 15 Ark 624; 145 Ark. 415.

*J. S. Utley,* Attorney General, *John L. Carter, Wm.
T. Hammock, Darden Moose* and *J. S. Abercrombie,*
Assistants, for respondent.

After these witnesses had been advised by the court
that what they should testify to could not and would
not be used against them, they were clearly in contempt
of court in persisting in their refusal to testify. C. & M.
Dig., § 3122; 3 Enc. of Evidence, 493B; 2 Rob. (N. Y.)
697; 78 Ark. 262, 266; 148 Ark. 335; 153 Ark. 497; 149
Ark. 1. As to the right of counsel to advise a witness
not to testify, see 3 Enc. of Evidence, 493C, and foot-
note 30.

HUMPHREYS, J. Petitioners, S. M. Roope and Wil-
liam J. Pittman, were adjudged in contempt of the cir-
cuit court of Scott County for refusing to testify, under
advice of their counsel, Jeptha H. Evans and William A.
Bates, in the trial of the case of the State of Arkansas
against Alf Whisenhunt, J. B. Smith and Claud Young,
who were charged with the crime of making a false and
fraudulent count of the ballots cast at precinct number
one of Blansett Township, while acting in capacity of
judges in the Democratic primary election on August 8,
1922, and, as punishment therefor, were fined $50 and
imprisoned ten days each. Petitioners, Jeptha H. Evans
and William A. Bates, were also adjudged in contempt
of said court for advising their clients not to testify in
said court, and, as punishment therefor, were fined the
sum of $100 each. The proceedings in contempt against
the several petitioners were consolidated for the pur-
poses of review, and the judgments and records upon
which same were based have been brought to this court
upon certiorari for that purpose.

The record reflects the following facts: Alf Whis-
enhunt, J. B. Smith and Claud Young were jointly
indicted in said court, in two separate indictments, for
the separate offenses of falsely and fraudulently making

a false count of the ballots cast at precinct number one of Blansett Township, in said county, while acting in the capacity of judges in the Democratic primary election of August 8, 1922, and for falsely and fraudulently certifying the returns of said election to the Democratic central committee of said county. Petitioners, S. M. Roope and William Pittman, were also jointly indicted in said court in two separate indictments for the same separate offenses as the judges, while acting in the capacity of clerks in said election. The firms of Bates & Duncan and Evans & Evans were employed to defend the judges and clerks on the charges against them. The judges were placed upon trial under the indictment for making a false count of the ballots, and the clerks, S. M. Roope and William J. Pittman, were sworn and introduced as witnesses in the case. When they were called upon to testify against the judges, they refused to do so, on advice of their attorneys, Jeptha H. Evans and William A. Bates, claiming exemption from testifying, under § 8, art. 2, of the Constitution of the State of Arkansas. Thereupon the court promised that, if they testified to any matters which would tend to incriminate them upon any charges growing out of the transaction, he would not permit such testimony to be used against them in any prosecution therefor.

The petitioners insist upon a reversal of the judgments rendered against them for contempt on the ground that it was unlawful to require them to testify, as their testimony would tend to incriminate them on the charge of falsely and fraudulently certifying the returns of the election, for which an indictment was pending against them. In support of their contention they rely upon the following provision of § 8, art. 2, of the Constitution of the State: ''Nor shall any person be compelled in any criminal case to be a witness against himself.''

Learned attorneys for the State insist that the testimony of the witnesses could not have been used against them for any offenses growing out of the transaction, and, for that reason, it was lawful to require them to

testify, and to impose penalties upon them for failure to do so, and upon their attorneys for advising them not to testify. In support of their contention they rely upon § 3122 of Crawford & Moses' Digest, which is as follows:

"In all cases where two or more persons are jointly or otherwise concerned in the commission of any crime or misdemeanor, either of such persons may be sworn as a witness in relation to such crime or misdemeanor; but the testimony given by such witnesses shall in no instance be used against him in any criminal prosecution for the same offense."

Section 8 of art. 2 of the Constitution and § 3122 of Crawford & Moses' Digest were before this court for construction and application in the case of *State* v. *Bach Liquor Co.*, 67 Ark. 163. Relative to the constitutional prohibition, the court ruled that, independent of the statute, its effect is to prevent any one from being compelled to give testimony in a criminal case which could be used to convict him of a crime. Relative to the protection extended by the statute, the court ruled that the protection was limited to the same offense with which the defendant was accused and being tried, and in which the witnesses participated and were sworn to testify, but that the statute extended no protection against the use of the witness' testimony in other prosecutions.

Under the rule thus announced it would be a violation of the constitutional prohibition to require a witness to make disclosures which might be used to convict him of an offense different from the one on which the accused was being tried. This is exactly what was attempted in the instant case. The court ordered the witnesses, S. M. Roope and William J. Pittman, to testify relative to the false counting of the ballots participated in by the judges of the election and themselves, upon which charges the judges were then being tried. The witnesses refused to make the disclosures, upon the ground that their testimony might be used to convict them of the crime of making a false certificate of the returns of the election, for which they had been indicted. While the statute would

have protected them from the use of their testimony upon the trial of the charge pending against them for making a false count of the votes, that being the same offense for which the defendants were being tried, it would not have protected them from the use of their testimony in a prosecution for the separate and distinct crime of falsely certifying the votes for which they had been indicted. Proof that the judges and clerks of the election had made a false and fraudulent count of the votes would have been a strong circumstance tending to show that they made a false return of the votes cast at the election. The order compelling them to testify was an invasion of their constitutional rights.

On account of the error indicated the several judgments for contempt are quashed, and the proceedings therein are dismissed.