# Richmond

WALTER ABDELLA V. COMMONWEALTH OF VIRGINIA.

November 20, 1939.

Record No. 2159.

Present, All the Justices.

*Walter H. Scott* and *T. W. Messick,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Joseph L. Kelly, Jr., Assistant Attorney-General,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

The defendant, Walter Abdella, was tried for violating the provisions of Code, section 4693. He was assessed with a hundred dollars fine and given ten days in jail. That statute reads:

"If any person set up or promote, or be concerned in managing or drawing a lottery or raffle, for money or other thing of value, or knowingly permit such lottery in any house under his control, or knowingly permit money or other property to be raffled for in such house, or to be won therein, by throwing or using dice, or by any other game of chance, or knowingly permit the sale in such house of any chance or ticket in or share of a ticket in a lottery, or any writing, certificate, bill, token, or other device purporting or intended to guarantee or assure to any person, or entitle him to a prize or share of, or interest in a prize to be drawn in a lottery, or, for himself or another person, buy, sell, or transfer, or have in his possession for the purpose of sale, or with intent to exchange, negotiate, or transfer, or aid in selling, exchanging, negotiating, or transferring, a chance or ticket in or share of a ticket in a lottery, or any such writing, certificate, bill, token, or device, he shall be confined in jail not exceeding one year, and fined not exceeding five hundred dollars."

The offense charged was the manufacturing and possession with intent to sell of tickets to be used in the "numbers game," some of which were found packed in boxes, ready for shipment, and addressed to various consignees throughout the country. This form of petty gambling is of recent development and widely patronized by those who, in many instances, can ill afford to lose.

We had occasion in the recent case of *Rosenberg* v. *Commonwealth,* 165 Va. 739, 181 S. E. 368, to hold that it is a lottery. That it is a lottery is nowhere questioned.

*Forte* v. *United States*, 65 App. D. C. 355, 83 F. (2d) 612, 105 A. L. R. 300.

■ Manifestly all forms of lottery can not be defined by the statutes. New devices are daily adopted, and it is to meet this situation that they must deal with gambling in general terms. But they are remediable and are to be liberally construed. Code, section 4704.

Among tickets seized were those framed to enable the purchasers to bet on baseball pools and particularly on the "World Series," of which we have general knowledge, just as those confiscated in the Rosenberg case were to be "used for baseball pools." Neither in that case nor in this was there evidence of actual sale. Sales there intended were to retail purchasers; here they were intended for retail dealers, who, in turn, were expected to pass them on to purchasers, as Rosenberg did.

The statute under review undertakes to deal with lotteries and their tickets in various ways. Those who manage or promote them are guilty; those who control premises on which they are conducted are guilty, as are those who permit the sale of tickets there, after which comes these general provisions, so that the statute, with provisions not applicable deleted, reads:

"If any person * * * for himself or another person, buy, sell, transfer, or have in his possession for the purpose of sale, or with intent to exchange, negotiate, or transfer, or aid in selling, exchanging, negotiating, or transferring, a chance or ticket in or share of a ticket in a lottery, or any such writing, certificate, bill, token, or device, he shall be confined in jail not exceeding one year, and fined not exceeding five hundred dollars."

Restated, it reads: If any person has in his possession lottery tickets for the purpose of sale, or with intent to transfer or aid in selling them, he is guilty.

■ These tickets were in the possession of the defendant and concededly he intended to sell them. That they are lottery tickets is no longer open to question, and the event which was to determine their value was definitely fixed.

Their printing and their sale to retailers are necessary links in the chain of an unlawful venture, which the statute is adequate to liquidate. This unsavory vocation is under the ban both of its letter and of its spirit.

*Affirmed.*

GREGORY, J., dissenting.

There can be no offense under the statute (Code, section 4693) until a lottery is created. The express language of the statute makes this perfectly clear. The facts in this case do not show that a lottery existed. There is an entire absence of any evidence which discloses that the accused was in possession of any ticket, or share in any ticket in a lottery. This being true, the statute has not been violated.

The legislature in its wisdom has not made it an offense to possess tickets unless they represent a chance in a lottery. The opinion of the majority in effect is legislation in that it creates a new offense which the legislature refused to provide for. We sit as a court and not as the legislature. Legislative functions should be left to the legislature.