## Richmond

GEORGE DEWEY MOTLEY v. COMMONWEALTH OF VIRGINIA.

November 25, 1940.*

Record No. 2339.

Present, All the Justices.

---

*Reheard and opinion on rehearing handed down April 21, 1941.

*Carter & Williams, Waldo G. Miles* and *Mary H. Williams,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Walter E. Rogers,* Special Assistant, for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

George Dewey Motley, the plaintiff in error, was tried for violating the provisions of the Code of Virginia, section 4693. The jury's verdict, which was confirmed by the court, was a fine of $100.00 and imprisonment in the jail of the city of Danville for sixty days.

The purpose of the statute is to prohibit that species of offense known as a lottery. It is defined as promoting or being concerned in managing or drawing a lottery or raffle, for money or other thing of value, or to have in one's possession for the purpose of sale, or with intent to exchange, negotiate, or transfer, or aid in selling, etc., a chance or ticket or share in a lottery, or have in his possession any writing, certificate, bill, token or device, used or employed in the connection indicated. The punishment provided for its violation is confinement in jail not exceeding one year and a fine not exceeding five hundred dollars.

The purpose of the statute is a wholesome one. In police precinct parlance, it is known as "numbers game." In one of the cases to be cited presently, this court said: "This form of petty gambling is of recent development and widely patronized by those who, in many instances, can ill afford to lose."

This scheme of hazard was held to be a lottery in the case of *Abdella* v. *Commonwealth,* 174 Va. 450, 452, 5 S. E. (2d) 495. Mr. Justice Holt, who wrote the opinion in that case, epitomized the statute and restated it this way: "If any person has in his possession lottery tickets for the purpose of sale, or with the intent to transfer or aid in selling them, he is guilty."

This fits the situation we have in hand. At a service station in the city of Danville, two police officers found two men whom they arrested upon the charge of being connected with the operation of a lottery. At this time a man named Norris drove up to the station in an automobile in which the accused was riding. One of the men who had been arrested motioned to the driver of the car to go on, and the same man had in his hand a package containing about two thousand "numbers" tickets, which he threw under a car when the officers approached the service station. The officers halted the Norris car and searched the accused. They found in his coat pocket a sealed envelope containing $5.98 and a batch of "numbers" tickets. They found other tickets in his possession. The accused gave no explanation to the officers as to his possession of the tickets and money. One of the officers testified that the tickets were chances on the outcome of the Chicago butter and egg market which he characterized as a lottery scheme. He described the method of its conduct and operation and its profits to the purchaser if he won and also stated the compensation of the "writers," that is, the persons who had these tickets and who supplied the purchasers with them. One of the officers testified that he knew the game because, before becoming a policeman, he had played it.

This testimony was uncontradicted. There was no other testimony in the case. The accused was convicted in the police court of the city. Upon appeal there were two trials in the corporation court, in both of which the verdicts of the jury were against him. The court had granted him a new trial because it was of opinion that it had committed error in refusing to grant him an instruction which he asked for.

There seems to us to be no question as to the guilt of the accused. The case is very like *Rosenberg* v. *Commonwealth,* 165 Va. 739, 181 S. E. 368, and the case of *Abdella* v. *Commonwealth,* 174 Va. 450, 5 S. E. (2d) 495, and is controlled by them.

In the *Abdella Case,* this was said:

"These tickets were in the possession of the defendant and concededly he intended to sell them. That they are lottery tickets is no longer open to question, and the event which was to determine their value was definitely fixed. Their printing and their sale to retailers are necessary links in the chain of an unlawful venture, which the statute is adequate to liquidate. This unsavory vocation is under the ban both of its letter and of its spirit."

We think there was no error in the instruction "B-1" which included the amendment made by the court to instruction "B" asked for by the accused. The amendment amplified and made clearer instruction "B."

We affirmed the judgment of the trial court.

*Affirmed.*

*Upon Rehearing.*

*April 21, 1941.*

CAMPBELL, C. J., delivered the opinion of the court.

This case was decided by this court on November 25, 1940, and the judgment of the trial court was affirmed. The case is now before us upon a rehearing pursuant to the provisions of section 6372 of the Code.

The relevant contention of plaintiff in error is that the court "was obviously under the impression that the petitioner had been tried and convicted * * * for the offense of 'having lottery tickets in his possession for the purpose of sale.'"

This is a misconception of the language of the opinion.

In that opinion the facts are fully set forth and lead to the inevitable conclusion that the accused was not tried for having in his possession lottery tickets for the purpose of sale, but that he was tried and convicted under the provision of section 4693 of the Code which makes it unlawful to "set up or promote, or be *concerned* in managing or drawing a lottery."

In principle, the case of *Abdella* v. *Commonwealth,* 174 Va. 450, 5 S. E. (2d) 495, is on all .fours with the case at bar, and is, as stated in the original opinion, determinative of the question of law adverted to.

In the *Abdella Case* it was held that if a person has in his possession lottery tickets for the purpose of sale, he is guilty of a violation of section 4693 of the Code. While it is true that the tickets found in the possession of the accused were not such tickets as were to be sold, they were duplicate tickets evidencing chances in a lottery which had been previously sold and thereby relevant and convincing proof that accused was "concerned" in managing a lottery.

Without going into more detail in regard to the applicable law and facts, we are of opinion that the case has been correctly decided, and we, therefore, adhere to the conclusion reached in the former opinion.

*Affirmed.*