**Roemer W. WINKLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23762.**

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1967.

---

Daniel S. Pearson, Miami, Fla., Marvin W. Lewis, Miami Beach, Fla., for appellant.

James W. Matthews, Donald I. Bierman, Asst. U. S. Attys., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and HUNTER, District Judge.

AINSWORTH, Circuit Judge.

Appellant was found guilty on his plea of nolo contendere to an offense under a federal criminal statute which he alleges is unconstitutional. He has appealed from his conviction.

He contends that 18 U.S.C. § 544 under which he was charged and convicted fails to define or vaguely or uncertainly defines the act or commission it purports to denounce and punish, in violation of the Due Process Clause of the Fifth Amendment and the right to be informed of the nature and cause of the accusation provision of the Sixth Amendment. Section 544 provides:

> "If any merchandise entered or withdrawn for exportation without payment of the duties thereon, or with intent to obtain a drawback of the duties paid, or of any other allowances given by law on the exportation thereof, is relanded at any place in the United States without entry having been made, such merchandise shall be considered as having been imported into the United States contrary to law, and each person *concerned* shall be fined not more than $5,000 or imprisoned not more than two years, or both; and such merchandise shall be forfeited."
> (Emphasis supplied.)

The principal attack is on the use in Section 544 of the word "concerned" in describing the prohibited acts of persons engaged in the unlawful importation of merchandise into the United States. Appellant contends that the statute thus does not provide an ascertainable standard of guilt adequate to inform persons accused of violating it of the nature and cause of the accusation against them.

■■ However, we do not agree that in this context use of the word "concerned" is vague or indefnite, for it is evident that under the general terms of the criminal statute "concerned" refers to each person "involved," "affected," "having a connecting relation," "an active or real part," "a marked interest or regard arising through a personal relationship to the matter under consideration." We have no difficulty, therefore, understanding the ordinary and usual meaning of the word "concerned." Black's Law Dictionary (4th ed.), Webster's Third New International Dictionary.

It is not unusual to employ the word "concerned" in criminal statutes to refer to persons who are participants in the prohibited acts denounced. An Arkansas court has held that the word "concerned" as used in the criminal statute prohibiting unlawful sale of intoxicating liquors has the meaning of the word "participants." State v. Bach Liquor Co., 55 S.W. 854, 856, 67 Ark. 163. An English statute punished every person who shall unship or assist or "be otherwise concerned in the unshipping of any goods which are prohibited to be imported." This statute was held to apply to the owner of a vessel who knowingly let his vessel be employed in a smuggling adventure. Attorney General v. Robson, 5 Exch. 790, 155 Eng.Repts. 346 [4 Eng.Law & Eq. 405, 406]. An accused having commenced an altercation which later provoked the shooting in an ensuing dispute of some Mexicans by a companion was "concerned" in the crime within the meaning of the California penal provision which provides that "All persons concerned in the commissior of a crime, * * * whether they directly commit the act constituting the offense, or aid and abet in its commission, * * * are principals in any crime so committed." People v. Marty, 59 Cal.App. 503, 210 P. 964, 965. See also People v. Descant, 51 Cal.App.2d 343, 124 P.2d 864, 867, relating to a California statute punishing as principals all persons "concerned"

with passing fictitious checks. A Virginia court held an accused guilty as being "concerned" in managing a lottery who had possession of an envelope containing cash and numbers tickets evidencing chances in a lottery. Motley v. Commonwealth, 177 Va. 806, 14 S.E.2d 28, 29. In Connecticut, a person who furnished facilities for gambling on horse racing and assisted in transmission of money in the course of such business was held to be "concerned" in the business within the meaning of the criminal statute prohibiting such gambling or being "concerned" with it. State v. Harbourne, 70 Conn. 484, 40 A. 179, 182, 40 L.R.A. 607. In another Connecticut case, it was held that a person is "concerned" in a matter relating to the statute penalizing any person "concerned in buying or selling" a gambling pool when he has some connection with it and when it affects his interest or involves him. State v. Fico, 147 Conn. 426, 162 A.2d 697, 700. In Pennsylvania, "concerned in," as used in the statute prohibiting lottery, was held to mean "substantially engaged in" and also "taking part in." Commonwealth v. Bufalini, 200 Pa.Super. 85, 186 A.2d 645, 648. In Maryland, the word "concerned" was held to mean "[r]elating to; pertaining to; affecting; involving; being substantially engaged in or taking part in." Jones v. State, 207 Md. 481, 115 A.2d 273, 276. In United States v. Scott, Cir.Ct., D.Ky.1895, 74 F. 213, the Court construed similar language in a criminal statute relating to solicitation of assessments for political purposes as follows:

> " 'Being concerned in' is not a legal term or conclusion which needs a specification of facts for completeness of description. It is a colloquial expression, equivalent to 'being engaged in,' or 'taking part in,' and sufficiently informs the defendant of what the government intends to prove."

A reasonable construction of the statute, therefore, compels a holding that the offenses referred to are definite and there is no unconstitutionality, for the word "concerned" has wide use in criminal statutes and its definition is clear and well known. Cf. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).

Affirmed.