STATE vs. WILLIAM T. RYAN.

*Illegal Sale—Intoxicating Liquor—Absent Witness—Admission to Prevent Continuance—Evidence—Accomplice—Conflicting Testimony—Reasonable Doubt.*

1. Upon an application for continuance on the ground of the absence of a material witness, an admission that the witness, if present, would testify as set forth in the affidavit, in support of the application, is sufficient to prevent a continuance, in the absence of a statute or rule of court requiring an admission of the facts intended to be proved and the truth thereof as well.

2. An admission at the trial that an absent witness would, if present, testify as set forth in an affidavit for continuance has the same probative force as if the witness was present and testified to the same facts.

3. Under a statute prohibiting the sale of "spirituous, vinous or malt liquors," a waybill of a shipment of "liquor" is inadmissible for the purpose of showing a shipment of whiskey to one charged with the illegal sale of whiskey.

4. In a prosecution for the sale of whiskey, evidence that, shortly before the alleged sale, the accused received and had in his possession a large quantity of whiskey is a circumstance relevant to the issue.

5. A person who knowingly takes part in the unlawful sale of spirituous liquor thereby aids and assists the seller in the commission of a crime and is an accomplice.

6.   The credit which ought to be given to the testimony of an accomplice is a matter exclusively for the jury.   Ordinary prudence dictates great caution in weighing such testimony.

7.   Although a purchaser of spirituous liquor from one who sells it in violation of law participates in the unlawful sale, a jury may convict on his testimony if they believe it is true, beyond a reasonable doubt without any confirmation.

8.   Every person charged with crime is presumed to be innocent until the contrary is shown to the satisfaction of the jury beyond a reasonable doubt.

9.   The burden of proof of the guilt of an accused, beyond a reasonable doubt, rests upon the State.

10.   When there is conflict of testimony, the jury should reconcile it if they can; if they cannot, they must determine whose testimony is most entitled to credit, taking into consideration all the facts testified to by the witnesses, their means of information, opportunity of knowing the facts of which they have testified, and the manner in which they gave their testimony.

11.   The jury should accept that part of the testimony which they deem worthy of belief and reject that part which they deem to be unworthy of belief.

12.   Reasonable doubt defined.

Del. case cited: *State vs. Fulmer*, 7 *Penn.*
Statute cited: *Sec.* 11, *Chap.* 65, *Vol.* 24, *Laws of Del.* 144.

(*March* 4, 1910.)

Judges BOYCE and HASTINGS sitting.

*Andrew C. Gray*, Attorney-General and *Josiah O. Wolcott* and *W. Watson Harrington*, Deputies Attorney-General, for the State.

*Richard R. Kenney* and *Walter H. Hayes* for the defendant.

Court of General Sessions, Kent County, February Term, 1910.

INDICTMENT FOR SELLING INTOXICATING LIQUOR, to-wit, whiskey, contrary to the provisions of the local option law.

*Mr. Hayes* of counsel for defendant, moved for the continuance of the case upon affidavit filed, alleging the absence from the State of Frederick Marsh, a material witness for the defendant, whose attendance could not be procured at the present term but who could be produced at the next term of court, and setting forth what the witness would testify to.

*Gray*, Attorney-General, opposed the continuance of the case and stated that he would admit that the witness, if present, would testify as set forth in the affidavit.

*Mr. Hayes:*—We decline to accept the admission unless the State goes further and admits that what the witness would testify to is true. The Court has so ruled. I insist upon the continuance of the case upon the affidavit filed.

BOYCE, J.:—The Court cannot so rule now.

HASTINGS, J.:—I am not certain that the defendant is not entitled to have the witness here before the jury.

BOYCE, J.:—The question is whether his case should be continued with the admission that the absent witness, if present, would testify as set forth in the affidavit. We do not recall, at this time, any decision by this Court, making it necessary to admit not only that the witness would testify, as alleged, if present, but as well the truth of the facts intended to be proved. We think, in the absence of a statute or rule of Court, requiring the admission both of the facts intended to be proved and the truth thereof, that the admission made by the Attorney-General is sufficient. Such an admission, as evidence at the trial, has the same force and effect of the fact or facts intended to be proved as if the absent witness were present and swore to the same in open Court. It seems to us now that this is all that should reasonably be required. We decline to grant the application for a continuance.

At the trial, the State proved by one, Harvey Brown, a colored man, and his wife, Hannah Brown, that on Sunday afternoon, August 1, 1909, at Friendship Colored Camp Ground, in Kent County, the defendant sold to Robert Brown a drink of whiskey, pouring the same from a bottle into a glass and handing the same to the prosecuting witness, who drank it and paid the defendant ten cents therefor.

*Harvey Speakman*, a witness produced on the part of the State, testified that he was a railroad agent at Smyrna and knew the defendant, and, at the request of Deputy Attorney-General, Harrington, produced a paper which he stated was a manifest of freight. The paper was then handed to the Court for examination. The witness then stated, in answer to questions by the said Deputy Attorney-General, that the manifest showed the consignor and the consignee, the latter being William T. Ryan, the defendant, who was identified by the witness, and that the freight described in the way-bill, or manifest, was delivered to said defendant.

The witness was then asked whether he knew what the freight was that was called for by the way-bill. This was objected to by counsel for defendant, on the ground that the State could not prove the contents of the paper, which had not been admitted in evidence, and the question was withdrawn. The witness was then asked if he had any recollection personally of the articles mentioned in the way-bill. This was objected to by counsel for defendant as irrelevant.

BOYCE, J.:—You have already shown that the articles mentioned in the way-bill were delivered to the defendant.

*Harrington*, Deputy Attorney-General, then offered the way-bill in evidence. Objected to by counsel for defendant as immaterial.

The Deputy Attorney-General contended that the evidence was relevant, as the way-bill showed a large quantity of liquor which was delivered to the defendant on the 19th of July, a short

time before the alleged sale of whiskey to the prosecuting witness.

*Mr. Hayes:*—The paper does not disclose whiskey delivered to the defendant, and unless the State will follow up this evidence and show that the whiskey which they allege to have been sold by Dr. Ryan, at the camp meeting, was part of that, it has no relevancy to the case at all.   Furthermore, the mere possession of the liquor raises no presumption against this defendant.

There cannot be any presumption that a man commits an illegal act.   The presumptions are all in favor of innocence in a criminal case.

BOYCE, J.:— Our difficulty is this; the Local Option Statute prohibits the sale of spiritous, vinous or malt liquors.   We have seen the way-bill.   It shows a shipment of "liquor" to the defendant who is indicted for the sale of spiritous liquor, to-wit, whiskey.   What is there on the face of the way-bill which shows that the shipment was spiritous liquor, to-wit, whiskey?

*Mr. Harrington:*—It was liquor.

*Mr. Wolcott:*—We offer to prove the sort of liquor that the consignors, Levy & Glosking sell.   We offer to supplement that testimony.

BOYCE, J.:—Suppose they sell something else?   Are we to go into that, or suppose the shipment was either vinous or malt liquor?

*Mr. Wolcott:*—If the witness shows that they sell spiritous, vinous and malt liquors, I think we will be able to prove that they don't sell any malt or vinous liquors except in bulk.

BOYCE, J.:—We think you cannot show in that way, that "liquor" mentioned in the way-bill, was whiskey. We sustain the objection.

(On motion of Mr. Hayes, of counsel for defendant, the state not objecting, all the testimony of the above witness was ordered stricken out.)

The defendant was produced and after denying the sale, as alleged by the prosecuting witnesses, was asked in cross examination, the following question:

"I will ask you whether on or about July 20th, 1909, just preceding this first Sunday in August, you did not receive and have in your possession 650 pounds of whiskey?"

This question was objected to by Mr. Hayes of counsel for defendant, as immaterial and irrelevant.

BOYCE, J.:—We think that it is a circumstance that is relevant to the issue which may go to the jury. We therefore overrule the objection.

The State in rebuttal, produced Lewis A. Levi, who testified that he was a member of the firm of Levi & Glosking and that he knew William T. Ryan, the defendant. The State then sought to prove the book of original entries of the firm of Levi & Glosking, showing the amount of whiskey purchased by William T. Ryan, from that firm, during the month of July, 1909. This was objected to by counsel for defendant, as not in reply and not admissible in rebuttal.

BOYCE, J.:—It is not a question now whether this testimony was relevant to the issue at the time when the State put in its case, but whether it is in reply.

The Court are in doubt as to the admissibility of this testimony at this stage of the case, and to express our reasons would involve a discussion such as probably it would not be well to go into before the jury. We think at this stage of the case it is not proper to introduce the testimony, and we sustain the objection.

BOYCE, J.:—charging the jury:

Gentlemen of the jury:—You and each of you have been sworn to well and truly try the traverse joined between the State of Delaware and William T. Ryan, the prisoner at the bar, and a true verdict give according to the evidence.

Much interest has been manifested here in the trial of this case. You should not be influenced by any interest in the result of your verdict, one way or the other. Whether, as individuals, you have predilections for or against the sale of spirituous liquors, authorized by law, should not enter into your deliberation upon the

evidence before you.  Considerations of any character extraneous to the evidence presented to you should be wholly disregarded in reaching your verdict.

William T. Ryan, the defendant, is charged in this indictment with selling in this county, spirituous liquor, to-wit, whiskey to Robert Brown on the first day of August, A. D. 1909, the same not then and there being sold by the said William T. Ryan to the said Robert Brown for medicinal or sacramental purposes.

This indictment is found under *Section* 11, *Chapter* 65, *Vol. 24, Laws of Delaware, page* 144, commonly known as the Local Option Law, and it provides, in part, that "it shall be unlawful for any person * * * to * * * sell spirituous, vinous or malt liquors, except for medicinal or sacramental purposes" within Kent County.

Is William T, Ryan, the accused, guilty under the evidence produced before you, or not guilty?  Your answer to this question will determine the character of your verdict in this case.

We shall not attempt a review of the evidence.  You have it all before you.  We cannot comment upon it, if we would.

There are no intricate questions of law applicable to this case.  Indeed, the issue before you is a simple one—and one largely of fact.  The range of the case is within a narrow compass.  Did the accused unlawfully sell spirituous liquor, to-wit, whiskey, to Robert Brown as charged in the indictment or not?  This you will determine from the evidence when you retire to your room for deliberation.  Your deliberations should be confined, as we have said, to the evidence and upon the evidence—and that alone, —you should reach a determination.  In weighing and considering the evidence you should be guided throughout your deliberations as we have indicated, and by a few well settled principles of law applicable to this case which we will proceed to announce to you.  They are these:—

It was held in the case of *State vs. Fulmer, 7 Pennewill,* that a person who knowingly takes part in the unlawful sale of spirituous liquor thereby aids and assists the seller in the commission of a crime and is therefore an accomplice.

It is often said to juries when an accomplice testifies that the degree of credit which ought to be given to such testimony is a matter exclusively within the province of the jury.   Ordinarily great caution in weighing such testimony is dictated by prudence and good reason.   Although a purchaser of spirituous liquor from one who sells it in violation of law participates in the unlawful sale, a jury may convict upon the uncorroborated testimony of such purchaser if they are satisfied from all the facts and circumstances of the case, beyond a reasonable doubt, that the testimony of such witness is true, and without any confirmation of such testimony.   The weight and value of such testimony is exclusively within the province of the jury.   You are the sole judges of the credibility of the witnesses and of the weight and value of their testimony.

Every person charged with the commission of a crime is presumed in law to be innocent until the contrary is shown to the satisfaction of the jury beyond a reasonable doubt, and the burden of proof rests upon the State.

Where there is conflict of testimony, as in this case you should endeavor to reconcile it if you can; and if you cannot, you must determine whose testimony is most entitled to credit and belief, taking into consideration all the facts and circumstances testified to by the witnesses, their means of information, opportunity of knowing the facts of which they have testified, and the manner in which they gave their testimony.   In other words, where there is conflict of testimony the jury may believe that part of the testimony which they deem worthy of belief and reject that part which they deem to be unworthy of belief.

If after a careful and conscientious consideration of all the evidence in this case you should entertain a reasonable doubt as to the guilt of the accused, such doubt inures to the benefit of the accused.   By reasonable doubt is not meant a merely fanciful, vague, or speculative doubt—a mere whim or notion—but a reasonable, substantial doubt growing out of the evidence remaining in your minds after a careful and conscientious consideration of all the evidence, and such a doubt as reasonable, fair-mind-

Verdict.

ed conscientious men would entertain under all the facts and circumstances of the particular case.

If you are satisfied from the evidence, beyond a reasonable doubt that the accused is guilty of the offense charged against him, your verdict should be guilty; otherwise your verdict should be not guilty.

Verdict, guilty.