## Richmond.

## LEE CROSBY V. COMMONWEALTH.

### January 19, 1922.

#### Absent, Saunders, J.

1. INTOXICATING LIQUORS—*Accomplice—Buyer.*—Where there is an illegal sale of intoxicating liquors the purchaser is an accomplice of the seller.

2. INTOXICATING LIQUORS—*Accomplice—Buyer—Instructions.*—Upon a prosecution for the illegal sale of intoxicating liquors, the court upon request should have instructed the jury to the effect that as the buyer was an accomplice of the seller, his testimony should be received with caution.

3. ACCOMPLICES AND ACCESSORIES—*Conviction Upon the Uncorroborated Testimony of Accomplice.*—The rule in this jurisdiction is that the jury, as triers of the fact, may, if they are satisfied of the guilt of the accused, convict him upon the uncorroborated testimony of a single accomplice, though it is well settled that the evidence of an accomplice should be received and acted upon by a jury with great caution.

4. APPEAL AND ERROR—*Instructions—Harmless Error—Refusal to Instruct that an Accomplice's Testimony Should be Received with Caution.*—The refusal of the court to instruct the jury that an accomplice's testimony was to be received with caution was not prejudicial to the accused in a prosecution for the illegal sale of whiskey, where the occasion and opportunity for the crime, as well as the possession of the whiskey alleged to have been purchased, were clearly shown by other testimony. The case was not one of a conviction on the uncorroborated testimony of an accomplice.

Error to a judgment of the Corporation Court of the city of Norfolk.

*Affirmed.*

The opinion states the case.

*N. T. Green* and *W. W. Elliott,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

Lee Crosby has been convicted of the illegal sale of intoxicating liquor. Robert Watkins, a witness for the Commonwealth, testified that the accused, in his house, sold him half a pint of whiskey; that immediately thereafter, as he was walking along a public street in the city of Norfolk, going towards his own home, he was arrested for the unlawful transportation of such whiskey, and that he was under indictment therefor. Dickins, a police officer, testified that he saw Watkins go into the house of the accused, remain three or four minutes, then come out and walk down the street; that he found in his possession half a pint of whiskey; that just before he saw Watkins go into the house, he saw the accused come to the window and look in both directions up and down the street. The only conflicting testimony is that of the accused, to the effect that he had not sold the whiskey to Watkins.

[1-4] Only one error is assigned, namely, that the accused, by his attorney, moved the court to instruct the jury orally to the effect that the said Watkins being an accomplice with the said defendant in the sale of the whiskey, his testimony should be received with caution, which request was refused by the court. It may be assumed that Watkins was an accomplice, and of this we have no doubt (*State* v. *Ryan,* 1 Boyce [Del.] 223, 75 Atl. 869; *People* v. *Coffey,* 161 Cal. 433, 119 Pac. 901, 39 L. R. A. [N. S.] 704), and, therefore, the court should have given an instruction which embodied the principle contended for. The rule in this jurisdiction

is that the jury, as triers of the fact, may, if they are satisfied of the guilt of the accused, convict him upon the uncorroborated testimony of a single accomplice, though it is well settled that the evidence of an accomplice should be received and acted upon by a jury with great caution. *Hunt* v. *Commonwealth*, 126 Va. 819, 101 S. E. 896. While in this case. the court should have supplied the omission in the instruction, and, as amended, have given it to the jury, still, in view of the evidence, we decline to hold the failure to do so to be reversible error. It clearly appears that the accomplice here was corroborated by the police officer, in that he saw the accused in the house just before the alleged transaction; that he saw the witness, Watkins, enter the house; and that he found the whiskey in the possession of Watkins the alleged purchaser; so that the occasion and opportunity for the crime as well as the possession of the whiskey alleged to have been purchased were all clearly shown. This, then, is not a case in which the accused has been convicted upon the uncorroborated testimony of his accomplice.

There is no other material fact shown in the record, and no ground for reversal is shown.

*Affirmed.*