# Wytheville.

## HILDRED FAULKNER v. TOWN OF SOUTH BOSTON.

### June 12, 1924.

1. CRIMINAL LAW—*Evidence of Other Crimes—Exceptions.*—With rare exceptions the law does not permit the introduction of other crimes to prove the crime which is in issue, but among these exceptions is the rule which permits the prosecution, in making proof against the defendant, to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime of which the defendant is accused in the case on trial, even though such facts and circumstances tend to prove that the defendant has committed another crime.

2. CRIMINAL LAW—*Proof of Other Crimes—Selling Intoxicating Liquors—Evidence of Offer to Sell to a Third Party.*—On an indictment for selling ardent spirits to one R. a witness N. was allowed to testify that accused had offered to sell N. ardent spirits.

   *Held:* That this evidence of N. was admissible to corroborate the testimony of R. who testified that accused offered to sell him the liquor in question at the same time and place and also to contradict accused's testimony that he was not present at that time and place.

3. CRIMINAL LAW—*Evidence—Proof of Other Crimes—Failure of Accused to Ask for an Instruction Limiting Purpose of Evidence.*—In a prosecution for selling liquor, testimony of a witness that accused had offered to sell the witness liquor was admitted in evidence to corroborate the testimony of the purchaser of the liquor.

   *Held:* That if accused felt that this witness's testimony was prejudicial as tending to prove a collateral offense, he should have asked the court to instruct the jury on the subject of the purpose for which they might consider it. Failing to avail himself of this right, he will be considered to have waived any objection to the testimony.

4. ACCOMPLICES AND ACCESSORIES—*Weight of Accomplice's Testimony—Uncorroborated Testimony.*—While the jury, if satisfied of the guilt of the accused, may convict him upon the uncorroborated evidence of an accomplice, they should receive his testimony with great caution.

5. INTOXICATING LIQUORS—*Testimony of Accomplice—Purchaser as Accomplice—Refusal of Instructions as to Corroboration.*—In a prosecution for selling liquor the trial court refused to instruct the jury that the purchaser of the liquor was an accomplice of the seller, whose evi-

dence was to be received with great caution, and to warn the jury of the danger of basing a verdict on the unsupported testimony of the accomplice.

*Held:* That in view of much corroborating evidence in the case, it could not be said that the defendant's conviction was based upon the uncorroborated testimony of an accomplice, nor that the court's refusal to give the instruction was prejudicial error.

Error to a judgment of the Circuit Court of Halifax county.

*Affirmed.*

The opinion states the case.

*M. B. Booker* and *Wm. Leigh, Jr.*, for the plaintiff in error.

*Jas. S. Easley*, for the defendants in error.

West, J., delivered the opinion of the court.

Hildred Faulkner was convicted by the mayor of South Boston upon a warrant charging him with selling ardent spirits to Lewis Rogers in South Boston, that being his second offense against the prohibition ordinances of South Boston, and sentenced to jail for twelve months and to pay a fine of $1,000.00. Faulkner took an appeal to the Circuit Court of Halifax county, where the jury found him guilty and fixed his punishment at twelve months in jail and a fine of $500.00. The judgment entered upon this verdict is the one now under review.

The accused admits that the evidence is sufficient to support the verdict, but challenges the action of the court—

(1) In admitting the testimony of Felix Newman; and

(2) In refusing to grant a certain instruction.

*First Assignment.*

The testimony of Felix Newman objected to was as follows: That Newman saw Hildred Faulkner in South Boston on Friday, March 2, 1923, and asked him if he had any "juice," to which Faulkner replied that he had a little; that Newman said that he would like to get some, and Faulkner told him to come by himself, but he did not go and did not get any "juice." It is contended that this evidence was inadmissible for the reason that it tended to prove a collateral offense.

[1] It is true, with rare exceptions, that the law does not permit the introduction of evidence of other crimes to prove the crime which is in issue. 1 Wharton Cr. Ev., sec. 30; *Walker's Case,* 1 Leigh (28 Va.) 574; *Cole's Case,* 5 Gratt. (46 Va.) 696. Among these exceptions is the rule which permits the prosecution, in making proof against the defendant, to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime of which the defendant is accused in the case on trial, even though such facts and circumstances tend to prove that the defendant has committed another crime. 8 R. C. L., sec. 195, p. 199.

In *Devine's Case,* 107 Va. 860, 60 S. E. 37, 13 Ann. Cas. 361, cited by the plaintiff in error, the evidence of other sales which really involved proof of other crimes was admitted, on the ground that the purpose for which it was admitted was not to furnish proof of the commission of the crime for which he was being tried, but to show that the cider which was being sold by Devine was intoxicating.

[2, 3] Lewis Rogers had testified that he went to Hildred Faulkner's house, pursuant to an arrangement he had made with Faulkner on the previous day,

Friday, March 2nd; that on Friday, March 2nd, he met Faulkner at Finch's shop in South Boston, and that there were present Felix Newman and Ellis Neal; that in the presence of Felix Newman he asked Faulkner if he could get some whiskey, and Faulkner replied that he had plenty of it and he could get it if he would come by himself. It is apparent that the purpose of Newman's testimony was not to prove a collateral offense, but to corroborate the testimony of Lewis Rogers as to his engagement with Faulkner to purchase the whiskey. It was also relevant on the further ground that it contradicted Faulkner's statement that he was not at Finch's shop on the occasion testified to by Newman and Rogers. Besides, if the accused felt that Newman's testimony was prejudicial, he should have asked the court to instruct the jury on the subject of the purpose for which they might consider it. Failing to avail himself of this right, he will be considered to have waived any objection to the testimony. This assignment is without merit.

### Second Assignment.

The instruction the court refused to give reads as follows: "The court instructs the jury that where there is an illegal sale of intoxicating liquors the purchaser is an accomplice of the seller; and the court further tells the jury while they may find a verdict upon the unsupported testimony of an accomplice, such evidence is to be received with great caution, and the court in this case warns the jury of the danger of basing a verdict on the unsupported testimony of an accomplice.

[4, 5] The principle of law as to corroboration of accomplices embodied in this instruction was approved in *Crosby's Case*, 132 Va. 518, 110 S. E. 270.

While the jury, if satisfied of the guilt of the accused, may convict him upon the uncorroborated evidence of an accomplice, they should receive his testimony with great caution. The testimony of Lewis Rogers is corroborated by the testimony of Ellis Neal, that he saw Faulkner, Newman and Rogers talking together at Finch's shop on March 2nd, when Rogers says he made an engagement with Faulkner to purchase the whiskey from him; by the testimony of Newman that Faulkner was at the shop and talked with him on that day; by the testimony of the officers that Rogers had the whiskey in his possession, coming from the direction of Gilly Hall's house where Faulkner was found when the search for whiskey was made; by the fact that Faulkner could not be found for some time after the warrant was issued; and by the further fact that Faulkner bears the reputation of being a notorious violator of the prohibition law.

In view of the foregoing corroborating evidence, it cannot be said that the defendant's conviction was based upon the uncorroborated testimony of an accomplice; nor that the court's refusal to give the instruction was prejudicial error.

The judgment will be affirmed.

*Affirmed.*