# Richmond

## G. Lewis Watkins v. Commonwealth of Virginia.

January 8, 1940.

Record No. 2227.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and
Spratley, JJ.

*T. Warren Messick*, for the plaintiff in error.

*Abram P. Staples, Attorney-General,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

At the December term of the Hustings Court of the city of Roanoke three indictments were found against G. Lewis Watkins and Roy M. Smith, Jr., charging them with forging and uttering three checks. Watkins pleaded not guilty to the charges while Roy M. Smith, Jr., pleaded guilty and testified for the Commonwealth.

With his consent Watkins was tried by a single jury upon the three indictments at the same time. He did not then

have the assistance of counsel. The jury found him guilty and fixed his punishment at six months in jail under each indictment. Before the end of the term at which the verdicts were rendered, the accused employed counsel who filed a motion to set aside each of the verdicts on the following grounds:

(1) That in violation of his constitutional rights the accused was put on trial without benefit of counsel; that although he was without means to employ counsel, yet the court failed to appoint counsel to defend him;

(2) That the verdicts were contrary to the law and the evidence in that they were based on the uncorroborated testimony of an accomplice.

The court overruled the motion of the accused to set aside the verdicts and entered judgment thereon in each of the cases. To review these judgments this writ of error has been granted.

The first assignment of error is that the accused was deprived of his constitutional rights by being put on trial without benefit of counsel.

Here the argument is that the accused was unable to employ his own counsel; that he is ignorant and uneducated and did not know that he had the right to have the court appoint counsel for him; that although he made no request for the appointment of counsel it was nevertheless the duty of the court to have made such appointment, and that its failure to do so was in violation of the rights guaranteed to him by the Constitution of the United States and the Constitution of Virginia.

In 14 American Jurisprudence, Criminal Law, section 167, pp. 882, 883, the author says:

"In varying language the Constitutions of many states guarantee to persons accused of crime the right to be heard and to have the assistance of counsel for their defense. In some jurisdictions the right is conferred in capital cases only, though generally it applies in all criminal cases including misdemeanors.

"It has been said that the accused has a common-law right to counsel, but it seems that in England the privilege of a full defense did not exist in trials for treason until after 1688, and in the trial of other felonies until 1836. In fact, the constitutional provisions were adopted for the purpose of abrogating the common-law practice under which persons accused of felony were denied such right.

■ "The right to a hearing, as a basic element of due process, includes the right to the aid of counsel, and failure to give the accused a reasonable time and opportunity to secure counsel prior to trial constitutes a denial of due process. The right includes a fair opportunity to secure counsel of one's own choice."

See also, *Powell* v. *Alabama*, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527.

■■ While there is no specific provision in the Constitution of Virginia guaranteeing to persons accused of crime the right to have the assistance of counsel,* in *Barnes* v. *Commonwealth*, 92 Va. 794, 803, 23 S. E. 784, this court recognized the right to be a fundamental one. It is, we think, one of the rights guaranteed to an accused under our Bill of Rights. Virginia Constitution, section 8.

■ It is well settled that courts of record having criminal jurisdiction possess the inherent authority, independent of statute, to appoint counsel to defend paupers and other indigent persons charged with crime. 14 American Jurisprudence, Criminal Law, section 174, p. 887; *Powell* v. *Alabama, supra* (287 U. S., at page 73, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527).

In *Powell* v. *Alabama, supra,* it was held that it is the duty of the trial judge in a capital case, as a necessary requisite of due process of law guaranteed by the Four-

*The Sixth Amendment to the Constitution of the United States, U. S. C. A., guarantees to the accused the right "to have the assistance of counsel for his defense." But this amendment applies only to criminal prosecutions in the federal courts and not to those in state courts. *Gaines* v. *Washington*, 277 U. S. 81, 85, 48 S. Ct. 468, 72 L. Ed. 793; *Johnson* v. *Zerbst*, 304 U. S. 458, 463, 58 S. Ct. 1019, 1022, 82 L. Ed. 1461.

teenth Amendment, U. S. C. A. Const., to assign counsel to an accused who is unable to employ counsel and is incapable of conducting his own defense.

■ But no one is compelled to have counsel if he does not so choose. As it is said in Cooley's Constitutional Limitations (8th Ed.), p. 700: "The right to counsel is permissive and conditional upon the pleasure of the accused. 'Preferring the protection of the court, or choosing to rely upon his own skill and ability, he may not desire the assistance of counsel.' *State* v. *Yoes,* 67 W. Va. 546, 68 S. E. 181, 140 Am. St. Rep. 978."

■ And, as this court said in *Barnes* v. *Commonwealth, supra* (92 Va., at page 803, 23 S. E., at page 787): "Every person accused of crime has a right to have counsel to aid him in making his defense, but no one is compelled to have counsel. If a person accused of crime is able to employ counsel, but declines to do so, and goes to trial without counsel, and is convicted, that is no ground for reversing the judgment."

Nothing was said in *Powell* v. *Alabama, supra,* and in *Johnson* v. *Zerbst, supra,* relied on by the accused here, which runs counter to these principles.

In both of these cases the Supreme Court of the United States held that the defendants were unable to employ counsel, and that under the circumstances there the trial court should have appointed counsel to assist them in the preparation and defense of their cases whether requested to or not.

■ In the instant case the trial court has found that the accused was able to employ counsel and refused to do so. That was a question of fact, and if the record bears out, as we think it does, the finding of the trial court, it was under no duty to appoint counsel for the accused.

In a certificate signed along with the bills of exceptions and made a part of the record the trial court has fully set forth its reasons for not appointing counsel to defend the accused. In the main the statement of the trial court is not controverted.

Early in January the docket was called and the cases against the accused were set for January 16th. At that time P. H. Dillard, Esq., a member of the Roanoke city bar, announced that he had been retained to represent the accused.

When the cases were called for trial on January 16th, at 10:00 A. M., T. Warren Messick, Esq., and S. R. Price, Esq., both members of the Roanoke city bar, appeared as counsel for the accused and announced that they were ready for trial. However, they requested that the trial be delayed for a short while because the accused had not made satisfactory arrangements for the payment of their fee for representing him. The accused himself stated, in open court, that if he were given "a few minutes" he could make the necessary arrangements with a local bank for the payment of his fee to counsel. For the accommodation of the defendant and his counsel the trial was deferred until 11:30 A. M. At that time the accused and his counsel again appeared in the courtroom. Satisfactory arrangements still had not been made for the payment of the counsel fees by the accused. Further, the sergeant stated to the court, in the presence of the defendant, that during the recess the accused had not left the courthouse and had made no effort for the employment of counsel. The accused did not deny this statement and "gave no indication, directly or indirectly, that he was unable to employ counsel." On the contrary he announced in open court that he was ready for trial.

Moreover, counsel for the defendant at that time informed the court that they were convinced that the defendant was merely "stalling," that he had made no honest effort to employ counsel, and asked permission to withdraw from the case.

It further appeared from the testimony of the defendant that he owned an automobile and a light delivery truck which he was operating, and that he had completed several jobs of work for which money had been paid to him.

From all of these circumstances the court certified that it "was of the opinion that the defendant was deliberately seeking to avoid trial on the indictments against him; that he had made no *bona fide* effort to employ counsel; that he did not desire counsel; and that he was able to employ his own counsel."

The record also shows that the accused was able to employ counsel at the preliminary hearing before the police justice, which must have taken place prior to December 5th, on which the indictments were returned. In the meantime he had been out on bail and had had ample opportunity to make the necessary arrangements to employ counsel.

■ The court's conclusion that the accused was able to employ counsel is further borne out by the fact that eleven days after the hearing before the jury, the accused did actually employ counsel who appeared and made a motion to set aside the verdicts which had been rendered against him. Through this same counsel the accused is now prosecuting this writ of error. Since the record does not show that he is proceeding *in forma pauperis,* the presumption is that he has paid the cost of printing the record now before us.

If the court had found it necessary to appoint some one to defend the accused, it naturally would have selected one or both of the counsel who were familiar with and had prepared his defense. Had this been done the accused would have secured, free of cost, the services of the same counsel whom he had employed and agreed to pay.

■ The trial court having correctly concluded that the accused was able to employ his own counsel, it violated none of his constitutional rights in failing to appoint counsel for him.

The next assignment of error is that the verdict of the jury in each of the cases is contrary to the law and the evidence in that the conviction of the accused was based upon the uncorroborated testimony of the confessed accomplice, Roy M. Smith, Jr.

In *Crosby* v. *Commonwealth*, 132 Va. 518, 519, 520, 110 S. E. 270, 271, we said: "The rule in this jurisdiction is that the jury, as triers of the fact, may, if they are satisfied of the guilt of the accused, convict him upon the uncorroborated testimony of a single accomplice, though it is well settled that the evidence of an accomplice should be received and acted upon by a jury with great caution."

See also, *Faulkner* v. *Town of South Boston*, 139 Va. 569, 573, 123 S. E. 358; *Hunt* v. *Commonwealth*, 126 Va. 815, 823, 101 S. E. 896.

In conformity with this ruling the trial court certifies that "Full instructions were given to the jury covering every phase of the evidence sufficient to support same. The jury were particularly instructed that the prosecuting witness, Roy Maynard Smith, Jr., was an accomplice and that his testimony should be weighed by the jury with great care and caution, and further warned the jury of the danger of convicting on the uncorroborated testimony of an accomplice."

We have examined the evidence in the light of this instruction and are convinced that it is amply sufficient to support the verdict.

Finally, it is argued that the judgments should be reversed because the trial court permitted the same jury to try the accused on the three indictments together.

With reference to this matter the trial court certifies that after the defendant had stated that he was ready for trial, the court explained to him that there were three indictments pending against him and that he had the right to insist upon a separate trial in each case, but the defendant announced in open court that it was agreeable to him to try all three of the cases together.

This statement is not controverted in the brief or in the affidavit filed by the accused with his motion for a new trial. Indeed, the motion to set aside the verdicts of the jury, prepared and filed by counsel for the accused, makes no reference whatsoever to the matter. Nor was the question

raised in any manner before the entry of the final judgments in the court below.

Having clearly waived in the court below his right to a separate trial on each indictment, the accused is in no position to complain here, for the first time, that he was tried on three charges together by the same jury.

For the reasons stated the judgments complained of are

*Affirmed.*