# Richmond

## T. J. RICHARDS v. COMMONWEALTH OF VIRGINIA.

January 12, 1948.

Record No. 3305.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Harry V. Strayer,* for the plaintiff in error.

*Harvey B. Apperson, Attorney General,* and *Ballard Baker,* for the Commonwealth.

HUDGINS, C. J., delivered the opinion of the court.

The accused was conviced of selling beer without a license, fined $100 and sentenced to confinement in jail for thirty days on a verdict returned by the jury.

The principal assignment of error is the refusal of the trial court to give an instruction cautioning the jury against conviction on the uncorroborated testimony of an accomplice.

The evidence for the Commonwealth is in sharp conflict with the evidence for the accused. The jury rejected the evidence for the accused and based its verdict on the evidence for the Commonwealth, which may be summarized as follows:

The accused operates a restaurant and tourist camp on the highway about three and one-half miles east of Staunton. On December 1, 1946, E. E. Maupin and Mrs. Edith Sager, then employees of the Western State Hospital, went by bus from the hospital to accused's place of business. Upon their arrival, Mrs. Sager went to a cabin some thirty yards from the restaurant to see her sick baby, whom she had left there under the care of Mr. and Mrs. Patrick. Maupin went into the restaurant and bought eight bottles of Piel beer from the accused, who did not have a license to sell it. Within forty minutes Maupin joined Mrs. Sager in the cabin, taking with him two bottles of the beer, which he drank. Later, Maupin and Mrs. Sager returned to the Western State Hospital.

The accused contends that, under prior decisions of this court (*Hunt* v. *Commonwealth,* 126 Va. 815, 101 S. E. 896; *Crosby* v. *Commonwealth,* 132 Va. 518, 110 S. E. 270;

*Faulkner* v. *South Boston,* 139 Va. 569, 123 S. E. 358; *Guthrie* v. *Commonwealth,* 171 Va. 461, 198 S. E. 481, 119 A. L. R. 683), Maupin was an accomplice of the accused and that therefore the court committed reversible error in refusing to give an instruction warning the jury to act upon Maupin's testimony with caution.

The Commonwealth suggests that, inasmuch as Code 1942 (Michie), sec. 4675(49), makes the purchaser of alcoholic beverages from a person not authorized to sell a misdemeanant, the decisions under the Layman Act should be reviewed and that the illegal purchasers of alcoholic beverages should not be held to be accomplices. However, in our view of the case, it is unnecessary to consider this question.

It was held, in *Crosby* v. *Commonwealth, supra,* that it was not reversible error for a trial court to refuse to give an instruction cautioning the jury against conviction on the uncorroborated testimony of an accomplice if the record showed substantial corroboration of the testimony of the accomplice. The facts were that Robert Watkins, a witness for the Commonwealth, testified that he went to Crosby's house and purchased from him a half pint of whiskey; that immediately thereafter, as he was walking along the street in Norfolk, he was arrested for unlawful transportation of the whiskey. Judge Prentis, speaking for the court, said: "It clearly appears that the accomplice here was corroborated by the police officer, in that he saw the accused in the house just before the alleged transaction; that he saw the witness, Watkins, enter the house; and that he found the whiskey in the possession of Watkins the alleged purchaser; so that the occasion and opportunity for the crime as well as the possession of the whiskey alleged to have been purchased were all clearly shown. This, then, is not a case in which the accused has been convicted upon the uncorroborated testimony of his accomplice."

In *Faulkner* v. *South Boston, supra,* Hildred Faulkner was convicted of selling ardent spirits to Lewis Rogers in the town of South Boston. Rogers testified that he met

Faulkner on March 2 at Finch's Shop and there, in the presence of Felix Newman, asked Faulkner if he could get some whiskey from him. Faulkner replied that he would sell the whiskey to him if Rogers would come to his house. Pursuant to this arrangement, Rogers went to Faulkner's house, bought the whiskey and was arrested on the street with the whiskey in his possession. The court held that the refusal to give an instruction warning the jury against convicting the accused on the uncorroborated evidence of the accomplice was not reversible error.

In this case Maupin's testimony is corroborated by that of Mrs. Sager to the effect that he arrived at the accused's place of business without any beer in his possession, that he went into the restaurant of the accused and that later he went from the restaurant to the cabin with the bottles of beer in his possession. The occasion and the opportunity for the crime, as well as the possession of the beer, were established by testimony other than that emanating from the alleged accomplice, hence the accused was not convicted upon the uncorroborated testimony of his accomplice. We find no reversible error in the refusal of the trial court to give the instruction.

*Affirmed.*