# CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

Richard L. Van Ness

May 12, 1983

Case Nos. 81-F-887, 81-F-888

By JUDGE E. BALLARD BAKER

The defendant has moved the Court to separate the trials of these two indictments, presently set for June 29, 30 and July 1, and have the Commonwealth elect which is to be tried first.

Rule 3A:13 provides that the Court:

may direct that an accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and (i) the offenses meet the requirements of Rule 3A:7(b) or (ii) the accused and the Commonwealth's attorney consent thereto.

Defendant's motion is accepted as a denial of consent to the two indictments being tried together, so Rule 3A:7(b) must be considered. This Rule provides:

Two or more offenses, any of which may be a felony or misdemeanor, may be charged in separate counts of an indictment or information *if the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan.* (Italics added.)

The two indictments here are identical. A Bill of Particulars, however, charges one conspiracy between defendant, Thomas Evans and Kimberly Evans to distribute cocaine on or about November 7, 1981, and charges one conspiracy between defendant and Thomas Evans to distribute cocaine on or about December 28 and December 30, 1981. Specific recorded telephone conversations are cited with respect to each conspiracy, the dates of these conversations being different for each.

The two indictments are not based on the same act or transaction. Are they connected or do they constitute parts of a common scheme or plan?

They are connected to the extent that the defendant and Thomas Evans are involved in each, the only other person being Kimberly Evans in the November charge, and they are connected to the extent that both involve telephone conversations.

Two cases touching on the point have been found, but neither is helpful. *Watkins v. Commonwealth*, 174 Va. 518 (1940), and *Lucas v. Commonwealth*, 201 Va. 599 (1960).

While it cannot be said from what is presently known by the Court, after reviewing the referred to conversations which are found in Exhibit 12 filed at the suppression hearing, that these acts are "parts of a common scheme or plan," the alleged acts are connected through the parties and do appear to be carried out in the same manner, that is, arranged by telephone.

Absent the finding of any authority to the contrary, this Court finds these indictments are connected within the meaning of Rule 3A:7(b), and reaches no conclusion on the common scheme or plan part.

These two indictments meet the requirement of Rule 3A:7 and can be tried together "if justice does not require separate trials," a condition of Rule 3A:13(b).

From the point of view of the Commonwealth, justice does not appear to require separate trials. This would involve a duplication of effort, with the Commonwealth basically presenting the same case twice. Evidence of each alleged conspiracy would likely be offered under *Kirkpatrick v. Commonwealth*, 211 Va. 269 (1970), and its progeny.

The defendant suggests that if the cases are tried separately, it is likely or possible that the outcome

would result in the other indictment not being tried to a jury. There is some speculation in this. The defendant also does not enjoy the prospect of one jury perhaps being in a position to impose sentences on two charges at one time.

None of the reasons suggested by counsel measure up to justice requiring separate trials, in my judgment.

Consequently, the motion for separate trials is denied.