Syllabus.

𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

THE FERRIES COMPANY V. BROWN.

June 14, 1917.

Absent, Burks, J.*

1. WITNESSES—*Redirect Examination—Irrelevant Evidence.*—Counsel for defendant, in cross-examining the plaintiff, brought out the fact that plaintiff had been discharged from the employment of defendant on the ground that he had been stealing tickets from defendant. On redirect examination plaintiff was allowed to state that he had not been guilty. The issue involved was irrelevant, but it was injected into the case by the defendant, and there was nothing in connection with the manner in which it was subsequently dealt with upon which the defendant can base any just ground of exception.

2. RELEASE—*Personal Injuries.*—Plaintiff, a servant of defendant's, had executed an instrument releasing defendant from liability for injuries sustained by plaintiff while in the employment of defendant. In an action by plaintiff against defendant for personal injuries, defendant requested the following instruction: "The jury are instructed that if they believe from the evidence that the plaintiff executed the release exhibited, they must find for the defendant." There was no error in refusing this instruction. The plaintiff was attacking the release referred to upon the ground that it was without consideration, and that it had been procured by fraud. There was evidence tending to support this attack in both aspects, and the instruction ignored both and directed a verdict for the defendant.

3. RELEASE—*Consideration.*—A release not under seal requires the support of a valuable consideration.

4. RELEASE—*Instructions—Burden of Proof.*—The court instructed the jury that unless they believe from the evidence that the release was executed by the plaintiff without misrepresentation or fraud by the defendant's agent, and was for valuable consideration, the release in nowise bars the plaintiff. It was objected to this instruction that it placed upon defendant the burden of proof of showing that the release was without misrepresentation or fraud on the part of the defendant.

*Case submitted before Judge Burks took his seat.

*Held:* That the objection was not well taken. The instruction did not undertake to deal with the question of the burden of proof. The defendant was not prejudiced by it, especially in view of the fact that an instruction almost in the same form was given at his own request.

5. MASTER AND SERVANT—*Injuries*—*Question for the Jury.*—In an action by a servant against his master for personal injuries due to a wheel which he was operating "getting away" from him and striking his body, the evidence tended to show that one of the cogs of the wheel was broken out and other cogs nicked and damaged; and this condition caused the wheel to slip and break away from the control of the plaintiff.

*Held:* That the question as to the cause of the accident and the manner of its occurrence having been properly submitted to the jury, the appellate court will not interfere with its finding as contrary to the law and the evidence.

Error to a judgment of the Circuit Court of the city of Portsmouth, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

· *Affirmed.*

The opinion states the case.

*R. R. Hicks,* for the plaintiff in error.

*Jas. G. Martin* and *Daniel Coleman,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

This is an action by A. B. Brown against the Ferries Company, a corporation, to recover damages for personal injuries. There was a verdict in his favor, upon which the court entered the judgment under review.

Brown was an employee of the Ferries Company upon one of its ferry boats. It was a part of his duty to turn by hand a heavy wheel used in raising and lowering the dock so as to adjust the same for a convenient connection with

the boat. This wheel is turned by means of hand-holds projecting several inches from its outside rim and attached thereto at the outer end of each spoke. The power from the wheel is transmitted and utilized by means of cogs at the centre so arranged as to take hold of and operate the balance of the lifting and lowering machinery as the wheel revolves. When the dock is to be raised the operator places his foot upon one of the handles, reaching over in front of him and grasping another with his hand, pulling the wheel towards him, shifting his foot and hands to the other handles as the wheel turns. While Brown was engaged in this operation, the wheel "got away" from him, striking his body and inflicting the injuries for which he brings this suit. Some of the cogs upon which the machinery turned had been broken and nicked, and it is charged in the declaration that this condition rendered the wheel unsafe for use and caused the accident.

The first assignment of error which we shall notice is, that "the court erred in permitting the plaintiff to state that he had been discharged for stealing, and to state further that he had not stolen." We think this assignment is without merit. Counsel for defendant, in cross-examining the plaintiff, brought out the fact that he had been discharged from the employment of the company, and then asked, "What for?" to which the plaintiff replied, "They said I was accused of stealing tickets." It was manifestly right and proper thereafter to permit the plaintiff to state, on redirect examination, that he had not been guilty of the theft imputed to him as a ground for his discharge. Furthermore, at a subsequent stage of the trial the defendant was permitted to introduce evidence tending to show that the plaintiff had been taking tickets. It is difficult to see how the court could have dealt with the matter with more fairness to the defendant. The issue involved was irrelevant, but it was injected into the case by the defendant, and

there is nothing in connection with the manner in which it was subsequently dealt with upon which the defendant can base any just ground of exception.

It is claimed that the court erred in refusing to give the following instruction asked for by the defendant:

"The jury are instructed that if they believe from the evidence that the plaintiff executed the release exhibited, they must find for the defendant."

The plaintiff was attacking the release referred to upon the ground that it was without consideration, and that it had been procured by fraud. There was evidence tending to support this attack in both aspects, and the instruction ignored both and directed a verdict for the defendant.

The release was as follows:

"To All to Whom These Presents Shall Come or May Concern:

"Greeting: Know ye, that I, A. B. Brown, of 702 Elizabeth street, Berkley, Va., for and in consideration of the payment by The Ferries Company to Dr. F. Lawford, of his bill for professional services rendered me in an injury received by me on June 13, 1914, while on the Steamer 'Rockaway,' the receipt whereof is hereby acknowledged, have remised, released and forever discharged, and by these presents do for me and my heirs, executors and administrators, remise, release and forever discharge the said heirs, executors and administrators of and from all and all manner of action and actions, cause and causes of actions, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or in equity, which against the said The Ferries Company I ever had, now have or which I or my heirs, executors or administrators, hereafter can, shall or may have for, upon

or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.

"In witness whereof, I have hereunto set my hand and seal the 6th day of July, in the year one thousand nine hundred and fourteen.   Sealed and delivered in presence of

"A. B. BROWN."

This release was not under seal and required the support of a valuable consideration (34 Cyc. 1045, 1048, and cases cited in note 30).   The questions of fraud and consideration were submitted to the jury by the instructions asked for both by the defendant and by the plaintiff, and these issues were found for the plaintiff.   The instruction upon this branch of the case, given at the request of the defendant was as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff executed the release of his claim shown in the evidence and that he signed said release (for a valuable consideration) without fraud or misrepresentation on the part of the manager of the defendant, they must find for the defendant."

It is further claimed that the trial court erred in giving at the request of the plaintiff the following instruction:

"The court instructs the jury that unless they believe from the evidence that the release was executed by the plaintiff without misrepresentation or fraud by the defendant's agent, and was for valuable consideration, the release in no wise bars the plaintiff."

The chief objection urged to this instruction is that it places upon the defendant the burden of proof of showing that the release was without misrepresentation or fraud on the part of the defendant.   We do not think this objection is well taken.   The instruction does not undertake to deal with the question of the burden of proof, and we do not

think the defendant was prejudiced by it, especially in view of the fact that an instruction almost in the same form was given at its own request.

This brings us to the last assignment of error, which is that the court refused to set aside the verdict of the jury as being contrary to the law and the evidence.

It is contended that there is no proof of the cause of the accident, but the evidence plainly tends to show that one of the cogs of the wheel was broken out and other cogs nicked and damaged; and that this condition caused the wheel to slip and break away from the control of the plaintiff. The question as to the cause of the accident and the manner of its occurrence was properly submitted to the jury, and under familiar rules this court will not interfere with its finding.

A further contention under this branch of the case is that, if the accident was due to the negligence of the defendant, the release heretofore mentioned operated as an accord and satisfaction. We have already seen that the question of the validity of this release was properly submitted to the jury and its finding in favor of the plaintiff upon that question is likewise binding upon this court.

There is no error in the judgment complained of and it must be affirmed.

*Affirmed.*