# Richmond

## HARRIS V. COMMONWEALTH.

### January 20, 1921.

1. CRIMINAL LAW. — *Witnesses — Cross-Examination of Accused— Residence and Occupation.*—Where the accused voluntarily and with the manifest purpose of improving his standing with the jury, put in issue his residence and occupation during certain years, he cannot object to a full cross-examination upon those facts.

2. CRIMINAL LAW. — *Witnesses — Cross-Examination of Accused— Residence and Occupation—Confinement in Penitentiary—Case at Bar.*—Upon a prosecution for robbery, accused, as a witness in his own behalf, undertook to give an account of his whereabouts and occupation from 1908 to 1920. On cross-examination he admitted that he was in Atlanta in 1910, and was then asked what he was doing there. His counsel objected to this question, but was overruled and he answered that he was in prison.

   *Held:* There was no error in the action of the trial court in permitting the question and refusing to exclude the answer.

3. CRIMINAL LAW. — *Witnesses — Cross-Examination of Accused— Residence and Occupation—Confinement in Penitentiary—Case at Bar.*—In the instant case the cause and nature of the imprisonment of accused in Atlanta did not appear, and it was urged on behalf of accused that leaving the matter thus to conjecture might have seriously and unjustly injured him in the estimation of the jury.

   *Held:* That there was no merit in this contention, as accused had the right to tell the jury, on a re-direct examination, all about his imprisonment, and did not see fit to do so.

4. CRIMINAL LAW.—*Instructions—Questions not Affecting the Guilt or Innocence of Accused.*—Upon a trial for robbery, where the offcer who arrested accused took certain money from his person, which was held and used as evidence against him, it was not error for the trial court to refuse to instruct the jury that the taking and withholding of the money was contrary to law, regardless of whether the instruction in the abstract was true, as the instruction related to a question not affecting the guilt or innocence of the accused.

5.   CRIMINAL LAW.—*Instructions—Questions not Affecting the Guilt
     or Innocence of Accused.*—The refusal of the court on a trial
     for robbery to instruct the jury that the officer who arrested
     the accused had no right to confine the prisoner in jail without
     a warrant, and no right to take from the home of his parents
     a certain hat used in evidence against him, was not error.

6.   ROBBERY.—*Evidence—Possession of Stolen Property—Instructions.*
     —Upon a prosecution for robbery, a witness testified that the
     accused took from him at the point of a pistol a ten dollar bill
     with "a binder and four horses on it."   A bill similarly marked
     was found on the person of the accused when arrested, but
     was not further identified as the money taken.

     *Held:* That the possession of the note was a circumstance proper
     for the consideration of the jury, and it would have been an
     invasion of their province for the court to have instructed
     them that the fact of accused's possession of the bill was not
     to be construed against him.

7.   ROBBERY.—*Evidence—Conviction of Another, Who Resembled Ac-
     cused, of Felony.*—On a trial for robbery it appeared in evi-
     dence that a negro about the same size as the accused, who was
     also a negro, was in town about the time of the robbery, and
     that he left under suspicious circumstances.   Accused then of-
     fered to prove that this negro had been convicted of a felony,
     and the court refused to admit the evidence.

     *Held:* No error.

8.   NEW TRIALS.—*Questions of Law and Fact—Credibility of Wit-
     nesses and Weight of Testimony.*—Where although the testi-
     mony in a prosecution for robbery was involved in conflict, and
     not altogether satisfying, yet the evidence tending to support
     the theory of the Commonwealth was sufficient, if believed by
     the jury, to warrant the verdict, the refusal of the trial court
     to set aside the verdict as contrary to the law and the evi-
     dence is not error.

9.   QUESTIONS OF LAW AND FACT.—*Weight and Credibility of Wit-
     nesses.*—The question of the credibility of witnesses and the
     weight of the testimony is peculiarly for the jury.


Error to a judgment of the Circuit Court of Prince Wil-
liam county.

*Affirmed.*

The opinion states the case.


*Robert A. Hutchison,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

Upon an indictment for robbery Harris was tried, convicted and sentenced to the penitentiary for the term of eight years.

[1, 2]  1. As a witness in his own behalf he undertook to give an acount of his whereabouts and occupation from the year 1908 until the date of the robbery, and in doing so he testified with apparent emphasis that during all of that period he had been working for a firm in the town of Manassas, where the crime was committed, with the exception of a year when he was working on the streets of the town, and the further exception of a then recent absence in France as a member of the army. On cross-examination he admitted that he was in Atlanta in 1910, and was then asked by the attorney for the Commonwealth: "What were you doing down there?" His counsel objected, but the court held that the question was within the legitimate scope of cross-examination, and he answered: "I was in prison." His counsel then moved the court to exclude the answer and the motion was overruled. This action of the court in permitting the question and refusing to exclude the answer is the basis of the first assignment of error; and it is argued that in the absence of proof showing his imprisonment in Atlanta to have been for an offense involving his character for truth on oath, the question was inadmissible. The argument overlooks the fact that the prisoner had voluntarily, and with the quite manifest purpose of improving his standing with the jury, put in issue his residence and occupation from 1908 to 1920. Having

95

done so, he could not successfully object to a full cross-examination upon those facts. The following authorities, if not directly in point, illustrate and support the principle: *Va. etc. Wheel Co.* v. *Chalkley,* 98 Va. 62; 34 S. E. 976; *O'Brien* v. *Commonwealth,* 89 Ky. 354, 12 S. W. 471; *Prather* v. *State,* 14 Okl. Cr. 327, 170 Pac. 1176; *People* v. *Barry,* 132 App. Div. 231, 116 N. Y. Supp. 870; *State* v. *McLaughlin,* 149 Mo. 19, 50 S. W. 315; *People* v. *Buckley,* 143 Cal. 375, 77 Pac. 169; *Lawson* v. *Hobbs,* 120 Va. 690, 696, 91 S. E. 750.

The cases of *Langhorne* v. *Commonwealth,* 76 Va. 1012; *Uhl* v. *Comomnwealth,* 6 Gratt. (47 Va. ) 706; *Cutchin* v. *Roanoke,* 113 Va. 453, 74 S. E. 403, and *Allen* v. *Commonwealth,* 122 Va. 834, 94 S. E. 783, relied upon by counsel for the prisoner, do not support his contention, and are not in conflict with the action of the trial court. The distinguishing and controlling feature in the instant case is found in the fact that the prisoner voluntarily put his residence and occupation in issue, and thereby opened the way to the cross-examination.

[3] The cause and nature of the imprisonment in Atlanta do not appear, and it is suggested on behalf of the accused that leaving the matter thus to conjecture might have seriously and unjustly injured him in the estimation of the jury. A sufficient answer to this suggestion is that he had the right, if he so desired, to tell the jury, on a redirect examination, all about his imprisonment (*Ferries Co.* v. *Brown,* 121 Va. 13, 15, 92 S. E. 813) and he did not see fit to do so.

[4, 5] 2. The officer who arrested the prisoner took certain money from his person, and the same was held and used as evidence against him. At the trial the court refused to instruct the jury that the taking and withholding of this money was contrary to law. We need not stop to consider whether the instruction in the abstract was true.

It related to a question not affecting the guilt or innocence of the accused, and the court was entirely right in refusing to give it. The same observation applies to the refusal of the court to instruct the jury that the police officer in question had no right to confine the prisoner in jail without a warrant, and no right to take from the home of his parents a certain hat used in eveidence against him.

[6] 3. It is assigned as error that the court refused to instruct the jury "that the fact that the accused had a $10.00 note when arrested is not to be construed against him." The prisoner was charged with robbing one Polen of "six bills or notes, one for ten dollars," etc. Polen, after testifying that the prisoner took the money from him after dark at the point of a pistol, said the ten dollar bill taken from him had "a binder and four horses on it." The bill found on the person of the accused was similarly marked, and was shown to have been known as a Federal Reserve note. It was not further identified as Polen's money. There was no objection to the introduction of the bill nor to the testimony in regard to it, and, if there had been, it would have been proper to admit the evidence. The possession of the note, although not further identified and only one of many like it then in circulation, was a circumstance along with the other facts in the case proper for the consideration of the jury, and it would have been an invasion of their province for the court to give the instruction in question.

[7] 4. It appeared in the evidence that a man named Wellington Meredith, a negro who was about the same size as the prisoner (also a negro), was in the town of Manassas about the time the robbery was committed, and that he left under suspicious circumstances. The prisoner then offered to prove that Meredith had been convicted of a felony, and the court refused to admit the evidence. There was

no view of the case under which such evidence would have been proper, and the court was clearly right in refusing to admit it.

[8, 9]   5. The remaining assignment of error is as to the action of the court in refusing to set aside the verdict as contrary to the law and the evidence. Of this it is sufficient to say that we have carefully considered the record, and while the testimony is involved in conflict, and is not altogether satisfying as it appears in print, the evidence tending to support the theory of the Commonwealth was sufficient, if believed by the jury, to warrant the verdict. The question of the credibility of the witnesses and the weight of the testimony was peculiarly for the jury, and we would not be warranted in interfering with their finding The sentence complained of must be affirmed.

*Affirmed.*