# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HAROLD V. COMMONWEALTH.

### January 20, 1927.

1. HOMICIDE—*Character in Evidence—Evidence of Other Crimes—Argument of Counsel—Refusal of the Court to Instruct the Jury to Disregard Improper Argument—Case at Bar.*—In the instant case, a prosecution for voluntary manslaughter, the accused did not in any way put his character as defendant in evidence before the jury. On cross-examination accused was asked why he was discharged from the army, to this question accused objected, but the court overruled his objection and accused replied that he had been discharged without honor because of his arrest and imprisonment for an alleged violation of the liquor laws. An attorney for the prosecution stated that accused was "a bootlegger and had been kicked out of the United States Army." Counsel for the accused objected and asked the court to instruct the jury to disregard such argument. This the court declined to do.
   *Held:* That the admission of the evidence and the refusal of the court to instruct the jury to disregard the remarks thereon in argument by counsel constituted reversible error.
2. WITNESSES—*Impeachment—Character of Witnesses—Proof of Other Crimes.*—The character of a witness for veracity cannot be impeached by proof of a prior conviction of crime, unless the crime be one which involved the character of the witness for veracity.
3. WITNESSES—*Impeachment—Collateral Facts Irrelevant to the Issue.*— A witness cannot be impeached by proof of collateral facts irrelevant to the issue, though they have a bearing on the question of veracity.
4. HOMICIDE—*Aiders and Abettors—Presence and Consent—Instructions— Case at Bar.*—In the instant case, a prosecution for homicide, the court instructed the jury that if they believed that one W. killed another as charged in the indictment and the defendant "was present aiding, abetting, counselling, advising or consenting to said crime, that then the said defendant" was equally guilty with W. of a murder. The use of the disjunctive *"or* consenting to said crime" was objected to.
   *Held:* That the objection was well taken.
5. CRIMINAL LAW—*Accomplices and Accessories—Aiders and Abettors— Mere Presence.*—The mere presence of a party when a crime is committed and his consent thereto is no crime, if he was not aiding, abetting, counselling or advising its commission, and was not present for that purpose.

Error to a judgment of the Circuit Court of Warwick county.

*Reversed.*

The opinion states the case.

*J. Winston Read*, for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General*, for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error, hereinafter called the accused, was convicted of voluntary manslaughter and sentenced to the penitentiary for three years. The accused did not, in any way, put his character as defendant in evidence before the jury, but while testifying in his own behalf he was asked, on cross-examination, by counsel assisting in the prosecution: "Why he was discharged from the army?" To which question the accused, by counsel, objected on the ground that same was irrelevant, immaterial and illegal, that he was not on trial for this offense, and had not come prepared to defend the same, and that the accused had not put his character in issue in this case. But the court overruled said objections and permitted the witness to answer, and thereupon the witness answered as follows:

"I was returning to duty from Huntington, West Virginia, and stopped over in Baltimore, where I met up with a young man who lived at Lee Hall, Virginia, and he was coming home. He had some whiskey in the car, and coming through Washington we were arrested.

I then had two days to report in, under my furlough, in order to get back in time. So I pleaded not guilty in order to keep from going to jail. The man with me, and to whom the whiskey belonged, had jumped out of the car and got away. I staid in jail sixteen days, something like that, and afterwards I plead guilty to having the whiskey and got sixty days. While I was in there I received my discharge from the army. I was discharged because I was in the hands of the civil authorities, and I got a blue discharge, which is a discharge without honor. It is not a bob-tail or a dishonorable discharge. My term of enlistment expired while I was held by civil authorities in Washington."

The accused had not mentioned the fact that he had been in the army, nor had any other witness, nor did his connection with the army have any relation to the case.

While counsel assisting the attorney for the Commonwealth was making his argument to the jury, he stated that the "accused has no occupation; that he was a bootlegger and had been kicked out of the United States Army." To this statement counsel for the accused promptly objected, "on the ground that the same was improper argument, and not relevant or material to the issues in the case, and requested the court to instruct the jury to disregard such argument," but the court declined to sustain the objection, or to instruct the jury to disregard such argument, and the accused excepted.

Assignments of error 1 and 2 may be considered together. They were as follows:

(1) "The court erred in admitting evidence that the accused had been convicted of a violation of the national prohibition act in Washington, D. C., and on that account had been kicked out of the army.

(2) "The court erred in permitting counsel assisting the attorney for the Commonwealth to argue that the accused had no occupation; that he was a bootlegger, and had been kicked out of the United States Army."

[1] The admission of the evidence and the refusal of the court to instruct the jury to disregard the remarks thereon in argument by counsel assisting in the prosecution were prejudicial to the accused, and constitute error for which the judgment of the trial court must be reversed.

In *Walker* v. *Commonwealth*, 1 Leigh (28 Va.), 574, it was held that on the trial of an indictment for the larceny of a watch, evidence of another larceny of a cloak, committed by the prisoner, the two acts being wholly distinct and unconnected, is not admissible for any purpose. In that case, Brockenbrough, J., thus states the rule and the reason therefor: "It is certainly true, that, in public prosecutions for a specific offense, it is incumbent on the prosecution to prove that the offense which is charged has been committed; he is not allowed to go into proof of the commission of any other offense than that charged or of the character of the prisoner, unless the prisoner himself opens the way for the admission of that evidence by putting his character in issue; and even in that case, the prosecutor cannot prove particular facts, but must content himself with evidence of general character. The reasons on which these positions are founded are sufficiently obvious. Not only must the proof correspond with the allegation, but it is an important principle, that the prisoner should not be taken by surprise. As he is charged with a particular offense, he has notice to be prepared to defend himself against that charge, and that alone; he cannot be prepared to defend himself against other

charges, not exhibited against him, or to maintain
the integrity of his whole life, when that is not put in
issue; and when it is, he cannot be prepared to account
for particular instances of mal-conduct of which he is
not previously informed, and as to which he is not
required to defend himself.  *  *  *  if the circum-
stances have no intimate connection with the main
facts, then, supposing them innocent, their admission,
to be sure, may do no harm, yet they ought to be
excluded because they are irrelevant; but if they
denote other guilt, they are not only irrelevant, but
they do injury, because they have a tendency to preju-
dice the minds of the jury; and for this additional
reason they ought to be excluded.''

The Attorney-General relies on *Hunt* v. *Com.*,
126 Va. 815, 101 S. E. 896; *Harris* v. *Com.*, 129
Va. 751, 105 S. E. 541, and *Messer* v. *Com.*, No. 1,
145 Va. 838, 133 S. E. 76, to support a different doc-
trine, but they do not sustain him. In *Hunt's Case* it
was the character of a witness that was assailed, and
not that of the accused. In *Harris' Case* the accused
had "voluntarily put his residence and occupation in
issue;" but in the instant case nothing of the kind
had been done. The residence and occupation of the
accused was brought out for the first time on his
cross-examination, and against his objection and pro-
test. In *Messer's Case* the accused was being tried for
a violation of the prohibition law, and he was asked
on cross-examination how often he had been arrested
in West Virginia for a violation of the prohibition law,
and he replied that he could not state. The answer
showed his character as a violator of that law, which
is permissible under the prohibition statute. It was
held that the question was within the discretion of the
trial court.

[2, 3] As we have just stated, the evidence was not admissible against the accused as a defendant. Neither was it admissible against him as a witness. Whatever may be the rule elsewhere, it is well settled in this State that the character of a witness for veracity cannot be impeached by proof of a prior conviction of crime, unless the crime be one which involved the character of the witness for veracity. Nor can a witness be impeached by proof of collateral facts irrelevant to the issue, though they have a bearing on the question of veracity. *Uhl* v. *Com.*, 6 Gratt. (47 Va.) 706; *Langhorne* v. *Com.*, 76 Va. 1016; *Cutchin* v. *Roanoke*, 113 Va. 453, 74 S. E. 403; *Allen* v. *Com.*, 122 Va. 834, 94 S. E. 783.

The error of the court in admitting improper testimony was emphasized by its refusal to direct the jury to disregard the argument of the assistant prosecutor based thereon. Under somewhat similar circumstances, this court said in *Parsons* v. *Commonwealth*, 138 Va. 764, 784, 121 S. E. 68, 73: "We cannot agree with the learned trial judge, either that the remarks were not improper, or that he should not have directed the jury to disregard them. Whatever liberties are permitted to counsel for persons who are guilty of crime, to appeal for mercy for their clients (though there is no evidence of any such appeal in this record), and to refer to those near and dear to them who will vicariously suffer under such circumstances, the prosecutor has no corresponding liberty. The Commonwealth does not rely either upon prejudice or sympathy for the enforcement of its laws. That every normal human being does sympathize with the widow and children of the deceased is true, but this fact in no way assists in determining either the guilt or the innocence of the accused, and the attention of the jury charged with

passing thereon should not be thus distracted. The court should have corrected this inadvertence of the assistant prosecutor. Facts which cannot be proved because irrelevant can afford no proper basis for argument. 30 C. J. 177, section 400."

It is assigned as error that the trial court gave the following instruction over the objection of the accused:

"The court instructs the jury that if they believe from the evidence, beyond a reasonable doubt, in this case, that Archie Williams killed Herbert Shackleford, as charged in the indictment, and that the defendant, Steve Harold, was present aiding, abetting, counselling, advising or consenting to said crime, that then the said defendant, Steve Harold, is equally guilty with Archie Williams in the said murder."

[4, 5] The objection to the instruction is the use of the disjunctive, "*or* consenting to said crime." The objection is well taken. The mere presence of a party when a crime is committed and his consent thereto is no crime, if he was not aiding, abetting, counselling or advising its commission, and was not present for that purpose.

For the errors aforesaid, the judgment of the trial court will be reversed, the verdict of the jury set aside and the case remanded to the trial court for a new trial not inconsistent with the views hereinbefore expressed.

*Reversed.*