# Richmond.

## JOSEPH LOCKE AND MEYER LEWIS v. COMMONWEALTH.

January 19, 1928.

Absent, Burks, J.

1. RAPE—*Evidence—Denial of Prosecutrix that Rape was Attempted—With-drawal of Denial—Case at Bar.*—In the instant case, a prosecution for rape, the evidence showed that accused induced prosecutrix, a girl of fifteen, to enter an unoccupied dwelling house where they forced her to drink whiskey and thereafter attempted, against her will, to have carnal connection with her. Prosecutrix made no outcry. Someone had notified the police who met the girl leaving the house, and she at first denied to the police that she had been in the house, and walked away. The policemen being convinced that her statement was untrue, followed her and brought her back, when she gave an account of the occurrence. The accused first denied that the girl had been there, and later that anything criminal or improper had occurred.

   *Held:* That the evidence was sufficient to support a conviction of assault with intent to commit rape.

2. RAPE—*Evidence—Complaint of Prosecutrix made to Policemen out of Presence of Accused shortly after the Crime.*—In a prosecution for assault with intent to commit rape, the admission of conversations of the police with the prosecutrix out of the presence of the accused was assigned as error. These conversations constituted her complaint of the wrongdoing of accused. Immediately afterwards and in the presence of both of the accused, the prosecutrix repeated substantially everything which she had just indicated in her complaint. It would be impossible to separate any damaging statements against the accused made in their absence to the officers which were not repeated in their presence and immediately following the complaint.

   *Held:* That as the complaint itself was admissible there was no merit in this assignment of error.

3. CRIMINAL LAW—*Evidence—Character of Accused—Case at Bar.*—Upon a prosecution for rape the mother of one of defendants testified that her son had never been in serious trouble.

*Held:* That it was not error to allow the Commonwealth to show, in rebuttal, that the son had been charged with numerous offenses in the juvenile court.

4. CRIMINAL LAW—*Character in Evidence—Bad Character of Accused.*—In the absence of testimony tending to show good character introduced by accused, evidence as to bad character is inadmissible. But the accused having introduced the subject cannot complain that the prosecution is allowed to pursue it.

5. RAPE—*Complaint of Prosecutrix—Objection Sustained to Question and Answer as to Whether Prosecutrix would have made Complaint—Harmless Error—Case at Bar.*—In the instant case, a prosecution for rape, prosecutrix on cross-examination was asked: "If the officers had not stopped you, you would not have made any complaint, would you?" And she replied: "I would have gone home." The trial court sustained an objection to this question and answer.

*Held:* That, however prejudicial this might otherwise have been to the accused, it was harmless in this case, because in answers to other questions prosecutrix testified without objection fully and clearly as to this matter, and it appeared that she would have made no complaint.

6. RAPE—*Child Just Over Fifteen Years of Age—Degree of Crime—Complaint—Case at Bar.*—Attempted carnal connection with a child just over fifteen, even with her consent, is a crime, though of less degree than an assault with intent to rape, and the public policy which led to the enactment of the statute which denounces such crimes against young girls should be upheld, whether prosecutrix made complaint or not. The case would have a different aspect if the prosecutrix were a grown woman in the possession of her normal faculties of mind and body.

7. RAPE—*Witnesses—Denial by Prosecutrix that she made a Certain Statement.*—Prosecutrix in a prosecution for rape was asked if she had not told a certain person that accused had done nothing to her at all that was improper or wrong, to which she replied: "No, sir." The attorney for accused pursued the subject by asking: "You deny you said that?" Thereupon the court interposed an objection and stated: "You can't ask that." To which counsel for defendants excepted.

*Held:* That while the court's interruption was premature, it did not constitute prejudicial error, where no offer was made to produce the person to whom the alleged statement was made to contradict prosecutrix and the suggestion that prosecutrix had made a contradictory statement was unsupported.

8. CRIMINAL LAW—*Character—Evidence to Show Bad Character—Rebuttal.*—In a prosecution for rape after the Commonwealth had shown that accused had been before the juvenile court charged with delin-

quency a number of times, it was assigned as error that the accused was not permitted upon rebuttal to show his age at the time, and that the complaints against him were of a minor or trivial character. Accused having undertaken to show that he had never been in serious trouble before, and the Commonwealth having shown that he had been before the juvenile court a number of times, this was properly held by the trial court to conclude this branch of the inquiry and to give the jury all the information which they could properly apply or consider in the case.

9. REASONABLE DOUBT—*Instructions—Repetition.*—In the instant case, a prosecution for rape, it was assigned as error that the trial court refused to give an instruction to the effect that the accused were entitled to the benefit of every reasonable doubt, but as the court had already given seven instructions in which the jury were told that the crime must be proved beyond a reasonable doubt, it is clear that this was not error.

10. RAPE—*Questions of Law or Fact—Acquiescence of Prosecutrix.*—In the instant case, a prosecution for assault with intent to commit rape, some of the evidence of the prosecutrix tended to show acquiescence or consent on her part. This, however, was a question of fact for the jury and was clearly submitted to the jury in an instruction given for the accused.

11. RAPE—*Assault with Intent to Commit Rape—Sentence of Nine Years Confinement—Case at Bar.*—In the instant case the jury found accused guilty of attempted rape, against her will, upon a child a little over fifteen years of age, and fixed their punishment at nine years imprisonment in the penitentiary.

   *Held:* That this was a jury question, and there being evidence to support the finding of the jury, it could not be disturbed on appeal, though the punishment appeared to the Supreme Court of Appeals to be harsh.

Error to a judgment of the Hustings Court of the city of Richmond.

*Affirmed.*

The opinion states the case.

*L. O. Wendenburg* and *H. M. Smith, Jr.,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Leon M.*

*Bazile* and *Edwin H. Gibson, Assistant Attorneys-General,* for the Commonwealth.

Prentis, P., delivered the opinion of the court.

The accused, who at the time of the crime charged were eighteen and sixteen years old, respectively, have been convicted of an assault with intent to commit rape upon a young girl, she being then just above the age of fifteen years. The general circumstances of the crime, as shown by the testimony introduced by the Commonwealth, are, that as this girl was coming home from a business school with a girl friend, the accused, being in an automobile, asked the girls if they wished to be carried home. It was raining at the time, and they accepted the invitation. After stopping to allow Lewis to get out at his home, and at the request of the prosecutrix, Locke was directed to drive with both of the girls to the home of her friend, Cora, and leave her there, but to return with the prosecutrix. When this was done and these two returned, it was suggested that the prosecutrix get out of the machine and go into a house to see the sister of Lewis, whom she knew. The three, Locke, Lewis and the prosecutrix then went into a dwelling house, which proved to be empty, next door to Lewis' home. The front room was partly furnished. When she found that the sister of Lewis was not there, she asked to go home, but was told that she could not go until she took a drink of whiskey. Lewis gave her whiskey and forced her to drink much more than she intended to by holding her and putting the bottle to her mouth. She became dizzy, but they forced her to drink again, and thereafter each of them, Locke and Lewis, separately,

attempted against her will to have carnal connection with her, but failed.   She made no outcry.

Someone had in the meantime notified the police, and the girl came downstairs and walked away, having first denied to the policemen that she had been in the house.   They later became convinced that this statement was untrue, followed her a square or two and brought her back, when she gave them an account of the occurrence.   A subsequent examination of her person disclosed no physical injury.

The accused at first denied that she had been there, and later that anything criminal or improper had occurred.

[1] The evidence, then, clearly justifies the conviction, and it will not be disturbed here unless there has been some prejudicial error committed.

[2] The first assignment refers to the conversations by the policemen with the prosecutrix out of the presence of the accused.   These conversations consisted of the replies of the girl to their accusations, and constitute her complaint of their wrongdoing.   Immediately afterwards and in the presence of both of the accused, the prosecutrix repeated substantially everything which she had just indicated in her complaint. It would be difficult, indeed impossible, to separate or indicate any damaging statements against the accused made in their absence to the officers which were not repeated in their presence and immediately following the complaint.   The complaint itself was admissible. *Haynes* v. *Commonwealth*, 28 Gratt (69 Va.) 948.   So that the first assignment of error is not well taken, and constitutes no ground for criticism.

[3] The second assignment of error grows out of the fact that Locke's mother testified in his behalf and stated that her son had never been in "serious trouble."

The assignment is that it was error to permit the Commonwealth to show, in rebuttal, that he had been charged with numerous offenses in the juvenile court of the city of Richmond, and that he had been before that court when he was nine years old, and a number of times thereafter as he grew older.

[4] In the absence of the testimony tending to show good character or history, introduced by the accused, this testimony would have been inadmissible, but the clear purpose of the mother's testimony was to create an impression in his favor, which the Commonwealth was justified in rebutting. The accused having introduced the subject cannot complain that the prosecution was allowed to pursue it. *Harris* v. *Commonwealth*, 129 Va. 753, 105 S. E. 541.

[5, 6] The third assignment of error is based upon the fact that when the prosecutrix was being cross-examined she was asked: "If the officers had not stopped you, you would not have made any complaint, would you?" And she replied: "I would have gone home." The court, for some reason not clear to us, sustained an objection to the question and answer. However prejudicial this might otherwise have been to the accused, it becomes harmless in this case, because the prosecutrix, in subsequent answers to other questions, testified without objection fully and clearly as to this matter, admitted that she had at first denied that she had been in the house, stated that she had left the place and was on her way home. When she was asked why she did not at first tell these officers that these boys had taken her up in the house and attempted to wrong her, replied: "Would you get somebody in trouble if you could help it?" So that it became perfectly apparent that the prosecutrix did not desire or intend to make any complaint at that time. There

is a strong presumption arising out of all of her conduct, about which she freely testified, to support the conclusion that she would never have made any complaint if she had not herself been overtaken and questioned by the officers. It must, however, be borne in mind that she was a child just above the age of fifteen years, and that it would nevertheless have been a crime, though of less degree, to have attempted carnal connection with her, even with her consent. These statutes relating to such crimes committed against young girls are for their protection and in the promotion of good morals; so that, whether she had made complaint or not, the public policy which led to the enactment of the statute which denounces such crimes against young girls should be upheld.

The case would have a different aspect if the prosecutrix were a grown woman in the possession of her normal faculties of mind and body.

The exception presents no ground for reversal, for it is quite apparent from the other testimony which was before the jury that she would have made no complaint. For this reason, the exception becomes immaterial. Code, section 4414; *Buzzard* v. *Commonwealth*, 134 Va. 641, 114 S. E. 664.

[7] The fourth assignment of error is based upon this ruling of the court: The prosecutrix was asked: "Did you not have a conversation with Mrs. Julia Bruffy at your house some weeks ago, last summer sometime, and she asked you what this boy, Locke, had done to you to cause him to be locked up in jail, and did you not say he had done nothing to you at all that was improper or wrong?," and she answered: "No, sir; I told her I was under a bond not to say anything about what happened at all, I did not tell her." The attorney for the accused then pursued the subject

by asking: "You deny you said that?" And thereupon the court interposed an objection and stated: "You can't ask that," and defendants' counsel excepted.

The bill of exceptions showing this ruling contains this memorandum as justifying it: "The question asked by counsel had been asked and positively denied by the witness—it was therefore unnecessary to repeat question."

This is doubtless literally true, and certainly trial courts should expedite proceedings and eliminate all unnecessary repetitions and prolonged examinations of witnesses. Inasmuch, however, as the accused had the right to prove material and contradictory statements of the prosecutrix, they were entitled to have a categorical reply to their question, and to have all the particulars of time, place and circumstances of the conversation to which the question referred, the court's interruption was premature. If the accused had thereafter offered to prove by Mrs. Julia Bruffy that the prosecutrix had made the contradictory statement suggested, and had been denied that right, this would have been prejudicial error. No such offer, however, was made, either then or thereafter, and the suggestion of the question that she had made a contradictory statement is unsupported. We must assume that if such a fact could have been shown, the witness, Mrs. Bruffy, would have been introduced or offered for that purpose. Inasmuch as the prosecutrix has denied making any such statement and there is no contradiction of it, there is no reversible error.

[8] The fifth assignment of error is to the refusal of the court to permit the accused to show that after the Commonwealth had shown that Locke had been before the juvenile court charged with delinquency a number of times, the accused was not permitted upon rebuttal

to show his age at the time, and that the complaints against him were of a minor or trivial character.

We do not think that this could have prejudiced the accused. The court was not trying or reviewing these delinquencies and the introduction of evidence of such collateral matters must remain largely a matter of discretion with the trial court. The accused having undertaken to show that he had never been in serious trouble before, and the Commonwealth having shown that he had been before the juvenile court a number of times, this was properly held by the trial court to conclude this branch of the inquiry and to give the jury all the information which they could properly apply or consider in this case.

[9] The sixth assignment of error is because the court refused to give an instruction to the effect that the accused were entitled to the benefit of every reasonable doubt, but as it had already given nine instructions in seven of which the jury were told that the crime must be proved beyond a reasonable doubt, it is perfectly clear that this was not error.

[10, 11] Some of the evidence of the prosecutrix may tend to show acquiescence or consent on her part, but this is a question of fact which was clearly submitted to the jury in an instruction given for the accused, to the effect that if they believed from the evidence "that the accused merely attempted to commit said offense with her consent, then the punishment should be confinement in the city jail for not less than six months and not more than twelve months." The jury found that they attempted to commit the offense of rape, as charged, against her will, and fixed their punishment within the limits prescribed by the statute for that crime. This was a jury question, and there

being evidence to support that finding of the jury, it will not be disturbed here, though the punishment, nine years confinement in the penitentiary, appears to us to be harsh.

*Affirmed.*