# Richmond

## RUSSELL ROY v. COMMONWEALTH OF VIRGINIA.

January 15, 1951.

Record No. 3766.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*B. M. Hedrick* and *Anna F. Hedrick*, for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General*, and *Frederick T. Gray, Assistant Attorney General*, for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The defendant, Roy, was convicted by a jury and sentenced to 90 days in jail on a warrant charging him with promoting and being concerned "in managing a lottery, to-wit, a numbers game," and having in his possession for

the purpose of sale "a chance or ticket in or share of a ticket in said lottery." His trial in the circuit court was on appeal from a conviction by the county court.

The evidence is not before us, but it is certified by the trial judge that the defendant concedes that the evidence introduced was sufficient to support the verdict of the jury. The errors assigned relate solely to the admission of testimony and the absence of instruction limiting its application.

The defendant, as a witness in his own behalf, testified on direct examination that he had never seen the numbers book alleged to have been thrown out of the window by him, "and he had never seen any other 'numbers' book; and that he did not know anything about the 'numbers' game." Thereupon, over his objection, the Commonwealth was allowed to ask him if he had not been convicted "under the lottery statute," in March, 1949, which was seven months before his trial in October. He answered that he had pleaded guilty to that charge and had paid a fine of $100. No further inquiry was made and no details were asked or offered.

The defendant contends this was error. His argument is that it constituted an attack on his reputation which·he had not put in issue; that it was an attempt to prejudice him as a witness by proof of a collateral fact irrelevant to the issue; that his knowledge in March did not prove such knowledge in October; and that conviction under the lottery statute was not necessarily a conviction concerning the numbers game.

[1] This evidence was not offered to attack the reputation of the defendant; its purpose was to contradict him with respect to his voluntary statement made in his own behalf that he had no acquaintance at all with numbers books and the numbers game, which, if true, would have entitled him to an acquittal. Neither is it likely that if he knew the game in March he would have forgotten all about it in October. Nor do we think that the admission of this testimony violated the rule against trying to prove the crime

charged against a defendant by proving that he had committed another offense at some other time.

It is well settled in this State, and generally, that on the trial of a defendant for a specific offense it is usually improper to admit evidence against him of a prior independent crime. To permit it would result in undue prejudice, unfair surprise or confusion of issues. *Zirkle* v. *Commonwealth*, 189 Va. 862, 55 S. E. (2d) 24; *Dean* v. *Commonwealth*, 189 Va. 426, 53 S. E. (2d) 141; *Barber* v. *Commonwealth*, 182 Va. 858, 30 S. E. (2d) 565; *Boyd* v. *Commonwealth*, 156 Va. 934, 157 S. E. 546; *Walker* v. *Commonwealth*, 1 Leigh (28 Va.) 574; 22 C. J. S., Criminal Law, sec. 682, p. 1084.

There are exceptions, however, to this rule, as well established as the rule itself, and such evidence may be admitted to show motive, intent or guilty knowledge, or when it is connected with or leads up to the offense for which the accused is on trial. *Dean* v. *Commonwealth*, *supra*; *Colvin* v. *Commonwealth*, 147 Va. 663, 137 S. E. 476.

But the rule and the exceptions are usually invoked in cases in which the Commonwealth seeks to introduce the evidence of another crime as part of its case, or in an effort to impeach a witness generally, where such proof may be limited to crimes involving his veracity, as in *Harold* v. *Commonwealth*, 147 Va. 617, 136 S. E. 658.

The present case does not involve those questions. Here the defendant, by asserting that he had never seen a numbers book and that he knew nothing about the numbers game, put in issue a question which was an essential element of the case against him. If he was devoid of all guilty knowledge, then he was innocent of the charge against him. The Commonwealth clearly had a right to contradict his statement and to show that he had previously admitted violating the lottery statute.

His claim now that his prior conviction under the lottery statute did not necessarily involve acquaintance with numbers books and the numbers game is too finespun to shield him. The present warrant against him was issued under the

lottery statute. Code, 1950, sec. 18-301; Code, 1919, sec. 4693. We said in *Motley* v. *Commonwealth*, 177 Va. 806, 807, 14 S. E. (2d) 28, that the purpose of the statute is to prohibit that species of offense known as a lottery. "In police precinct parlance, it is known as 'numbers game.'"

*Quidley* v. *Commonwealth*, 190 Va. 1029, 1038, 59 S. E. (2d) 52, 56, was a forfeiture proceeding against an automobile and certain money on an information alleging their unlawful use in connection with a lottery. Numbers slips were found in the possession of the driver and a passenger, and we sustained the forfeiture, holding that the Commonwealth made out a *prima facie* case; that "(I)t is nowhere questioned that the numbers game is a lottery," and, "(T)he possession of a large number of duplicate tickets evidencing chances in such a lottery is relevant and convincing proof that the person is concerned in promoting, managing, or drawing the lottery."

Defendant's conviction under the lottery statute was at least *prima facie* a conviction of participating in a numbers game, necessarily involving seeing and knowing the implements of that prevalent form of gambling. See *Rosenberg* v. *Commonwealth*, 165 Va. 739, 181 S. E. 368; *Abdella* v. *Commonwealth*, 174 Va. 450, 5 S. E. (2d) 495.

If, contrary to common experience, his conviction under the lottery statute, which we have said is a numbers game statute, did not in fact involve any knowledge on his part of the numbers game or numbers books, the burden was on the defendant so to explain, if he could.

In *Harris* v. *Commonwealth*, 129 Va. 751, 753-4, 105 S. E. 541, 542, the defendant undertook to give an account of his whereabouts and occupation from 1908 until the date of the robbery with which he was charged, 1920. On cross-examination he admitted having been in Atlanta in 1910 and was asked what he was doing there. He replied that he was in prison. His counsel objected and moved to exclude his answer, on the ground that in the absence of proof that his imprisonment was for an offense involving his character for truth, the question was inadmissible. We

held otherwise because, as Judge Kelly said in the court's opinion, "The argument overlooks the fact that the prisoner had voluntarily, and with the quite manifest purpose of improving his standing with the jury, put in issue his residence and occupation from 1908 to 1920. Having done so, he could not successfully object to a full cross-examination upon those facts." This further from the opinion fits the case here:

"The cause and nature of the imprisonment in Atlanta do not appear, and it is suggested on behalf of the accused that leaving the matter thus to conjecture might have seriously and unjustly injured him in the estimation of the jury. A sufficient answer to this suggestion is that he had the right, if he so desired, to tell the jury, on a re-direct examination, all about his imprisonment (*Ferries Co.* v. *Brown*, 121 Va. 13, 15, 92 S. E. 813) and he did not see fit to do so." 129 Va. at p. 754, 105 S. E. at p. 542.

*Faulkner* v. *South Boston*, 139 Va. 569, 123 S. E. 358; *Locke* v. *Commonwealth*, 149 Va. 447, 452, 141 S. E. 118; and *Ballard* v. *Commonwealth*, 156 Va. 980, 1000, 159 S. E. 222, are illustrations of the same principle.

The *Faulkner Case* answers the defendant's complaint that the court, after admitting this evidence of the defendant's prior conviction, did not instruct the jury to consider it only on the question of defendant's credibility as a witness. If he wanted such instruction, he should have asked for it, and by failing to do so he waived the objection. See also, *Williams* v. *Commonwealth*, 93 Va. 769, 25 S. E. 659.

We do not mean to say that the defendant would have been entitled to such instruction had he asked for it. He had chosen to assert as a defense his emptiness of all knowledge of the instruments of the crime charged against him. Where guilty knowledge is in issue, evidence of another offense of a similar kind and not too remote is generally admissible to prove such knowledge. 22 C. J. S., Criminal Law, sec. 685, p. 1098.

In presenting its case in chief, the Commonwealth offered in evidence several numbers books and slips found in the

room in which defendant was arrested. The Commonwealth conceded, for what reason we do not know, that the defendant had no connection with this evidence, and his objection to it was sustained. The defendant later called as his witnesses the six other persons who had been arrested in the building at the same time and proved by them that one of them had been found not guilty on his trial, and that the cases against the other five had been dismissed by the Commonwealth. This was done, so the record states, to establish the contention of the defendant that the arresting officer had been mistaken in his arrest of these six, and hence it might be reasonably supposed that he was mistaken in his testimony against this defendant. In rebuttal, and to show probable cause, the record states, the Commonwealth called the officer and placed in front of him the numbers books and slips which had been previously excluded when offered by the Commonwealth in chief. The defendant assigns as error the admission of this evidence.

It is not immediately apparent why the Commonwealth made the concession referred to when it offered these numbers books and slips in chief, since they were admittedly found in the room where defendant was arrested. Be that as it may, the evidence introduced by the defendant to show that the other six had been either acquitted or discharged was neither relevant nor material. But since it was offered for the avowed purpose of showing that the officer was mistaken about them and hence likely to be mistaken about the defendant, clearly the Commonwealth was entitled then to introduce evidence to show in support of the officer that he had not acted arbitrarily, but had probable cause for arresting the others. Evidence, though immaterial and admitted without objection, may be rebutted if necessary to prevent an unfair inference or prejudice which might otherwise exist. *Graham* v. *Commonweath*, 127 Va. 808, 824, 103 S. E. 565.

Defendant's contention that the court should have charged the jury that this evidence was admitted only to show probable cause for the arrest of these six witnesses

must be rejected for the reasons stated above; *i. e.*, if he wanted it so limited he should have made the request. *Faulkner* v. *South Boston, supra.*

The judgment of conviction is

*Affirmed.*