*3 JOSEPH E. BAKER, Judge.
Lawrence Wright (appellant) appeals from his conviction for possession of cocaine with intent to distribute in violation of Code § 18.2-248. Appellant contends that the trial court erred when it refused to permit him to introduce hearsay-evidence after a Commonwealth’s witness “opened the door” by making reference to other inadmissible hearsay evidence. A majority of a panel of this Court, in an unpublished opinion, held that the trial court did not err when it refused to let appellant introduce the hearsay in response to the Commonwealth’s evidence. Wright v. Commonwealth, No. 1509-92-1, 1994 WL 468632 (Va.Ct.App. August 30, 1994). The Court granted appellant’s petition for rehearing en banc. Upon rehearing, we affirm the judgment of the trial court.
I.
On October 29 and 30, 1991, using an informant, Norfolk City Police Officer James N. Stevens (Stevens) directed controlled purchases of cocaine at 2405 Jamaica Avenue in that city.[1] Stevens recorded the serial numbers and gave the informant four ten-dollar bills to make the purchases. To support the issuance of a warrant to search 2405 Jamaica Avenue for narcotics and related property and persons, Stevens executed an affidavit based, in part, on his role in the controlled purchases and, in part, on information given to him by the informant. The sole issue before us arises from the trial court’s refusal to permit appellant to introduce, through cross-examination of Stevens, information contained in the affidavit and given to Stevens by the informant after the controlled purchases were made.
For an understanding of the trial court’s ruling, it is neces *4 sary to review the relevant parts of Stevens’ affidavit,[2] which are as follows:
For the last week I have been receiving information from a confidential informant [Cl] that a subject known to the Cl as Lawrence Wright is selling cocaine from 2405 Jamaica Avenue Norfolk, Virginia. The Cl has described Lawrence Wright to me as a balck [sic] male, about five feet eight inches tall to five feet nine inches tall, weighing about one hundred and seventy five pounds, short hair, clean shaven, light brown skin and in his late thirties to early forties. I have checked Norfolk Police Department records and found that Lawrence Wright is five feet eight inches tall and weighs one hundred and sixty seven pounds. I have shown a photograph of Lawrence Wright to the Cl, who identified the photograph of Lawrence Wright as the person selling cocaine from 2405 Jamaica Avenue Norfolk, Virginina [sic].
Within the last seventy-two (72) hours I have met with the Cl for the purpose of making a controlled purchase of cocaine from Lawrence Wright at 2405 Jamaica Avenue Norfolk, Virginia. The Cl was thoroughly searched for contraband with negative results. I then provided the Cl with United States Currency with prerecorded serial numbers. The Cl was then instructed to go to 2405 Jamaica Avenue and to buy a quantity of cocaine from Lawrence Wright. The Cl then left me and went directly to 2405 Jamaica Ave and entered the residence. A short time later the Cl left the residence and returned directly to me. Upon returning to me the Cl turned over a quantity of suspected cocaine to me. I feild [sic] tested the suspected cocaine with positive results.
Pursuant to the affidavit, a search warrant was issued on October 31, 1991, and, upon execution of the warrant, contra *5 band was found.[3] In addition, $608 in paper money was found on appellant’s person, including the four ten-dollar bills Stevens had given the informant to buy the cocaine. Appellant was indicted for possession of cocaine with intent to distribute in violation of Code § 18.2-248.
Appellant was tried on that charge prior to the trial from which this appeal emanates but a mistrial was declared because the jury could not reach a unanimous verdict. At that first trial, the court permitted the jury to hear hearsay evidence contained in the affidavit.
Prior to appellant’s second trial, the Commonwealth filed a motion in limine requesting the trial court to prevent appellant from
1. presenting evidence regarding the identity of the person from whom the confidential informant purchased cocaine during the 72 hours preceding execution of the search warrant; and
2. presenting evidence regarding the description of the above-described person provided by the confidential informant as recited by Inv. J.N. Stevens in his affidavit for search warrant;
The trial court granted the Commonwealth’s motion, stating that
I think that it is best in every trial to keep any hearsay out. I think that anything a confidential informant would have said to a police officer is certainly hearsay as part of the law. I think we would run the risk if I let that in. I would also have to let in a confidential informant’s saying, “I’m going to buy drugs from Mr. X, and he is—”
I don’t think it would be fair to let the jury get the information they were going to buy drugs from there, and I think the clean-shaven—I think it’s just best to keep the *6 whole affidavit out. You can cross-examine officers as to what they did in the case.
During the second trial, Stevens testified as to how a controlled buy of narcotics is set up and conducted and added that the same procedure was used in this case on October 29, 1991 and October 30, 1991. He testified that after the controlled buys, he obtained a search warrant for the residence and executed the warrant on October 31,1991.
Stevens testified that during the search he had a conversation with appellant. In response to the Commonwealth Attorney’s question regarding the nature of his conversation with appellant, Stevens stated that he told appellant that the police were going .to make a thorough search of the residence, and that it would save a great deal of time if appellant would tell them where any drugs, packaging material, scales, and the like were located. Stevens continued, stating:
I also pointed out that [appellant] was named in the affidavit for the search warrant as the person who was selling drugs and that the only other person named in the warrant was his Aunt Thelma and that she was mentioned only because she lived there or was listed as living there.
Appellant did not object to Stevens’ testimony, nor did he move for a mistrial or request any other remedy. At oral argument, counsel for appellant frankly stated that he deliberately withheld any objection or motion because he wanted to introduce the hearsay evidence the trial court earlier had refused to allow.
After the Commonwealth concluded its examination of Stevens, but prior to appellant’s cross-examination, appellant argued that Stevens’ testimony concerned things about which Stevens had no personal knowledge and was “objectionable” hearsay. The trial court asked, “[W]hy wasn’t there an objection right there?” Appellant’s counsel responded that a contemporaneous objection would have emphasized the objectional evidence to the jury. The trial court responded, “[I] was waiting for an objection.” Appellant’s counsel then stated, “[I] don’t want a mistrial in this case,” only the right “to *7 show that the confidential informant described [the] person ... selling drugs as being clean-shaven.” Appellant’s counsel asserts that he wanted the informant’s description entered because he then could show that appellant was not clean shaven on the day of his arrest.
II.
Appellant argues that the Commonwealth “opened the door” to his proffered hearsay testimony by eliciting inadmissible hearsay testimony itself and that the trial court erred by refusing to allow him to counter that evidence. We hold that the trial court did not abuse its discretion by refusing to admit irrelevant hearsay under the theory that the Commonwealth had “opened the door” for such evidence.
“Opening the door” to the admission of evidence is a catchphrase often used to refer to the doctrine of “curative admissibility.” Curative admissibility, in its broadest form, allows a party to introduce otherwise inadmissible evidence when necessary to counter the effect of improper evidence previously admitted by the other party without objection. Clark v. State, 332 Md. 77, 629 A.2d 1239, 1244-45 (1993); see also 1 John Henry Wigmore, Wigmore on Evidence, § 15 (Rev. ed. 1983).
In Graham v. Commonwealth, 127 Va. 808, 103 S.E. 565 (1920), Graham was charged with murder and defended on the ground of self-defense. At trial, Graham introduced evidence that the deceased had used profanity shortly before his death. Thereafter, to rebut Graham’s evidence, the Commonwealth introduced evidence that the deceased was not in the habit of swearing. On appeal, Graham argued that the Commonwealth’s evidence was immaterial and that the trial court erred in admitting it. In concluding that the trial court did not err, the Supreme Court held that, although Graham’s evidence was irrelevant and would have been inadmissible if objected to by the Commonwealth, “it [did] not follow that such testimony ... [could not] be rebutted later.” Id. at 824, 103 S.E. at 570. The Court noted that its holding was an *8 exception to the “rule that the time of the courts will not be allowed to be occupied in the trial of collateral issues by-allowing the introduction of rebuttal testimony thereon.” Id. at 825, 103 S.E. at 570-71. See also Roy v. Commonwealth, 191 Va. 722, 729, 62 S.E.2d 902, 905 (1951).
In Graham and Roy, the answering parties introduced evidence relevant to “curing” any harm resulting from previously admitted irrelevant evidence. No exception to the rules of evidence was made; the courts merely allowed a party to address what was, at one point in the trial, an extraneous matter. Graham and its progeny clearly provide, in limited instances, for the admission of evidence to counter previously admitted, unobjected to irrelevant evidence. We need not here decide whether a trial judge may, in his or her discretion, admit hearsay evidence to cure or correct impermissible prejudice caused by the introduction of inadmissible evidence.
The case before us is not controlled by Graham. The two cases are clearly factually and legally distinguishable. Here, the affidavit and search warrant issued pursuant thereto dealt with an informant’s purchases made from a person in the Jamaica Avenue house on October 29 and October 30, 1991, respectively. The charge for which appellant was convicted, and from which this appeal emanates, arose from contraband found in appellant’s possession in that house on October 31, 1991. Appellant does not here claim that the evidence is insufficient to show that on October 31, 1991, at the Jamaica Avenue address, he was found in possession of contraband and paraphernalia associated with unlawful distribution of cocaine. The refused evidence proffered by appellant would only have compounded any disregard of the trial court’s in limine order because it would have suggested to the jury that whether appellant was named in the search warrant or was the person described in the affidavit was somehow relevant and material to the charge that he possessed the drugs at the time and place the search warrant was executed.
Additionally, while a trial court generally has discretion in ruling on the admissibility of evidence, e.g., Blain v. *9 Commonwealth, 7 Va.App. 10,16, 371 S.E.2d 838, 842 (1988), a trial court has no discretion to apply the doctrine of curative admissibility if the party seeking to invoke it intentionally failed to object to the inadmissible evidence in order to gain admission of otherwise inadmissible evidence. Clark v. State, 332 Md. 77, 629 A.2d 1239, 1246 (1993). The record makes clear that this is what appellant’s counsel attempted to do.[4] He intentionally failed to object to Stevens’ testimony in order to attempt to gain admission of the description contained in the affidavit. Having done so, it was not error for the trial court to refuse to permit the proffered hearsay. If no limitations are placed on the doctrine of curative admissibility, the doctrine will supersede the established rules of evidence and encourage counsel not to object to inadmissible evidence.
Our decision does not leave a party in appellant’s situation without remedy. The proper method to preclude another party from entering inadmissible hearsay or any other form of inadmissible evidence is to make a contemporaneous objection.[5] To the extent that Stevens’ testimony that appellant was named in the search warrant was received in violation of the in limine order, whether inadvertently or purposely, appellant was not relieved of the responsibility of objecting to *10 that evidence. Moreover, his further remedy under those circumstances was to move the trial court to strike that evidence and instruct the jury to disregard it. Prejudice, if any, caused by the introduction of that irrelevant hearsay could thereby have been avoided or corrected.
For the reasons stated, we hold that the trial court did not abuse its discretion by refusing to admit irrelevant hearsay evidence proffered by appellant. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

. Those purchases are not at issue here. The conviction from which this appeal emanates is from the cocaine and related items found when the Jamaica Avenue residence was searched. Appellant does not contest the sufficiency of the evidence to support the conviction.

. The affidavit is contained in the trial court’s record, but it was not entered ás an exhibit.

. Discovered in appellant’s presence or in the house were five small bags of cocaine, eleven other bags containing cocaine residue, a gun, ammunition, scales, a test tube, and 515 small plastic bags.

. Appellant’s counsel acknowledged that he intentionally failed to object to Officer Stevens' testimony. His stated reason was that he did not want to call the statement to the attention of the jury. However, this explanation appears disingenuous because (1) he brought the same, allegedly prejudicial, statement which he, purportedly, did not want to call to the attention of the jury out on direct examination of his own client, and (2) he acknowledged to the court that he chose not to object to the introduction of the same evidence in the first trial because he "chose to take the good with the bad,” thus revealing his intention to allow inadmissible evidence to be received without objection for the express purpose of gaining the admission of the description contained in the affidavit.

. If trial tactic is the purpose for a party declining to timely object to inadmissible evidence, that party will not be heard to complain that he or she is unable to introduce other evidence of the same character. A breach of the rules of evidence by one party does not suspend those rules with respect to the other party. See United States v. Young, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).